# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTOPHER GRAHAM, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>FAMOUS DAVES OF AMERICA, INC., and DOE DEFENDANTS 1-10,<br><br>          Defendants. | Civil Action No.: 1:19-cv-486<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Christopher Graham ("Graham" or "Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1.     This is a class and collective action brought on behalf of "Tipped Employees" (defined herein) who work or have worked at restaurants operating under the trade name Famous Dave's BBQ that are or were owned and operated and/or managed by Defendant Famous Daves Of America, Inc. and Doe Defendants 1-10 (collectively "Famous Dave's," the "Company," or "Defendants"), and have been subject to the unlawful practices detailed herein.

2.     According to the Company's most recent annual report filed with the Securities and Exchange Commission ("SEC") Defendants noted that at the start of 2017, Defendants had 37 Company-owned restaurants.  However, by the end of 2017, the number of Company-owned restaurants had shrunk to 16 Company-owned restaurants.  This is because, among other things, during the fourth quarter of fiscal 2017, the Company refranchised eight Company-owned locations, including the four Famous Dave's locations in Maryland (Columbia, Fredrick, Laurel, and Waldorf Maryland).[1]

---

[1] The other four refranchised locations were located in Virginia.  In addition, per the Company's same SEC filing, in the first quarter of fiscal 2016, the Company refranchised seven Company-owned restaurants in the Chicago area.

3.      Each of the Company-owned Famous Dave's entities maintain the same corporate address and share common ownership and employment policies, including those relating to the compensation of Tipped Employees.

4.      As such, upon information and belief, the employment practices complained of herein were applicable to all Tipped Employees employed at any Company-owned Famous Dave's, as Defendants utilized common labor policies and practices.[2]  Accordingly, Defendants are responsible for the employment and compensation practices at issue.

5.      Famous Dave's employs individuals as "servers" ("waiters" and "waitresses") and "bartenders" (collectively, "Tipped Employees"), who are and/or were subjected to Defendants' unlawful pay practices.

6.      As explained in detail below, Famous Dave's systematically and willfully deprived Plaintiff and Tipped Employees of minimum wages and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"), the Maryland Wage and Hour Law, ("MWHL"), Md. Code Ann., Labor & Employment, §3-401 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Labor & Employment, §3-501 *et seq.* and Maryland common law by, among other things, failing to satisfy the notice requirements of the tip credit provisions of these wage and hour laws.

7.      Due to Defendants' unlawful failure to properly inform Tipped Employees of its intention to utilize a "tip credit", Defendants have improperly applied a "tip credit" against the wages paid to Plaintiff and current and former Tipped Employees, thus paying them less than the mandated minimum wage.

---

Thus, as of December 31, 2017, Defendants' Company-owned restaurants were located in Minnesota, Iowa, New York, and New Jersey.

[2] Excluded from this action, however, are all Company-owned locations in Minnesota as that state does not permit an employer to claim a tip credit.

8.      Moreover, Defendants' Tipped Employees, including Plaintiff, were often required to clock-out of Defendants' time-keeping system so as to avoid working in excess of forty (40) hours in a workweek.  Despite clocking-out, Defendants often required Tipped Employees, including Plaintiff, to finish their "side work" or break down work before leaving for the day.  In short, Defendants required Plaintiff and other Tipped Employees to perform "off-the-clock" work without compensation.

9.      Because of this "off-the-clock" work, and in contravention of applicable law, Defendants failed to pay overtime for all hours worked in excess of forty in a workweek.

10.     In addition, Defendants also violated applicable wage laws by enforcing a policy or practice of paying Tipped Employees only the tip-credit cash wage when (i) those employees were required to perform non-tipped work that was *unrelated* to their tipped occupation and/or (ii) spent in excess of 20% of their time performing non-tipped work that was *related* to their tipped occupation.

11.     Lastly, Defendants also violated Maryland common law. First, when Tipped Employees worked catering events, Defendants improperly capped the amount of tips that could be retained by Tipped Employees working the event, and retained amounts in excess of the capped amount.  Second, Defendants required Tipped Employees to cover the costs of certain ordinary business expenses, including customer walk-outs/failure to pay (a.k.a., "dine and dash").

12.     As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

### SUMMARY OF CLAIMS

13.     Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA" or the "Act").

14.     In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Tipped Employees, excluding those employed in Minnesota, who have worked for Defendants in the United States within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Class").

15.     In addition, Plaintiff also brings this suit on behalf of the following similarly situated persons for unpaid overtime wages pursuant to the FLSA:

> All current and former Tipped Employees, excluding those employed in Minnesota, who have worked in excess of forty hours in one or more work weeks for Defendants in the United States within the statutory period covered by this Complaint who were not paid for all hours worked, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective OT Class").

16.     In addition, Plaintiff also brings this action as a state-wide class action to recover all unpaid wages under the Maryland Wage and Hour Law, ("MWHL"), Md. Code Ann., Labor & Employment, §3-401 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Labor & Employment, §3-501*et seq.* and Maryland common law (collectively "Maryland State Laws").

17.     Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Tipped Employees who have worked for Defendants in the State of Maryland during the statutory period covered by this Complaint and who do not opt-out of this action (the "MD State Class").

18.     In addition, Plaintiff also brings this suit on behalf of a class of similarly situated persons for unpaid overtime wages pursuant to Maryland State Laws:

> All current and former Tipped Employees who have worked in excess of forty hours in one or more work weeks and were not paid for all hours worked by Defendants in the State of Maryland during

the statutory period covered by this Complaint (the "MD OT Class").

19.    The Collective Class, Collective OT Class, the MD State Class, and the MD OT Class are hereafter collectively referred to as the "Classes."

20.    Plaintiff alleges on behalf of the Collective Class that they are: (i) entitled to unpaid minimum wages from Defendants for hours worked for which Defendants failed to comply with the notice provisions of the tip credit and pay the mandatory minimum wage, as required by law; (ii) entitled to unpaid minimum wages from Defendants for hours worked performing unrelated duties to their direct customer service duties; (iii) entitled to unpaid minimum wages from Defendants for hours worked where they spent in excess of 20% of their time performing non-tipped work that was *related* to their tipped occupation; and (iv) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

21.    Plaintiff alleges on behalf of the Collective OT Class that they are: (i) entitled to unpaid overtime wages from Defendants for hours worked for which Defendants failed to calculate the proper overtime rate and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

22.    Plaintiff further alleges on behalf of the MD State Class that Defendants violated the MD Laws by: (i) failing to comply with the tip credit provisions, as required by law, and consequently failed to pay them the appropriate minimum wages for all hours worked; (ii) failing to pay all timely wages due and owing; and (iii) unlawfully retaining a portion of tips earned by Tipped Employees to offset business expenses.

23.    Plaintiff alleges on behalf of the MD OT Class that Defendants violated Maryland State Laws by failing to pay all overtime wages due and owing for weeks where Tipped Employees worked in excess of forty (40) hours.

**PARTIES**

24.     Plaintiff Christopher Graham ("Plaintiff") is a resident of the State of Maryland who was employed by Defendants as a "server" in the state of Maryland. While employed as a Tipped Employee, Defendants failed to compensate Plaintiff properly for all hours worked.

25.     Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a plaintiff in this action. His executed Consent To Sue form is attached hereto as Exhibit A.

26.     Defendant Famous Dave's of America, Inc. ("Famous Dave's") owns and operates a number of restaurants across the United States. According to the Company's most recent annual report, a majority of its restaurants "offer full table service" while a few restaurants are counter-service restaurants. In addition to its Company-owned restaurants, it also has a number of franchisors owning and operating Famous Dave's branded restaurants. The Company offers barbeque style food at its restaurants. Defendant Famous Dave's maintains its principal executive offices at 12701 Whitewater Drive, Suite 190, Minnetonka, MN 55343.

27.     Famous Dave's owned and operated at least four full-service restaurants located in the state of Maryland during the statutory period covered by this Complaint that focused on barbeque cooking. Famous Dave's employed Tipped Employees at each of these locations.

28.     Plaintiff is unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the Defendants. In engaging in the alleged conduct herein, defendants acted in the course, scope of, and in furtherance of the aforementioned relationship. Accordingly, unless otherwise specified herein, Plaintiff will refer to all defendants collectively as "Defendants" and each allegation pertains to each of the defendants.

## JURISDICTION AND VENUE

29.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

30.     Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

31.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

32.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

33.     The crux of the FLSA and Maryland State Laws is, *inter alia*, that all employees are entitled to be paid all wages due and owing.  This includes the proper overtime wages for hours worked in excess of forty and the mandated minimum wages for all hours worked.

34.     Contrary to these basic protections, Plaintiff and the members of the Classes were deprived of the mandated minimum wage and overtime wage for all hours they worked.  In addition, Plaintiff and other Tipped Employees were forced to turnover portions of the tips received by them.

35.     Plaintiff and the members of the Classes are, or were, Tipped Employees employed by Defendants.

36.     Defendants govern and administer each restaurant location in a virtually identical manner so that, among other things, customers can expect and receive the same kind of customer service regardless of the restaurant location that a customer may visit.

37. Upon information and belief, Defendants' restaurants operate under uniform policies/procedures applicable to all members of the Classes, including subjecting Tipped Employees to the unlawful pay practices complained of herein.

38. Some of those uniform policies/procedures are, upon information and belief, Famous Dave's "Server Opening Duties" and "Server Closing Duties" (attached hereto as Exhibit B).

**Plaintiff's Experience Working For Defendants**

39. As set forth above, Plaintiff was employed by Defendants as a "server" in the Famous Dave's restaurant located in Waldorf, MD. Plaintiff began working for Defendants on or about January 27, 2016 and continued working for Defendants until approximately July 1, 2017.

40. While employed by Famous Dave's, Plaintiff would occasionally work a large catering job with a number of other servers and typically one manager. For these large catering jobs, Plaintiff was typically paid a cash wage of $9 or $10 per hour, plus tips.

41. While employed by Defendants as a "server," Plaintiff was paid an hourly cash wage rate from Famous Dave's and earned tips from customers who chose to leave him a gratuity.

42. When Plaintiff worked as a server in one of Defendants' restaurant locations, Plaintiff believes his cash wage was $3.63 per hour.[3] Plaintiff believes that he was paid this same hourly wage when he worked smaller catering jobs, such as jobs that only required food to be dropped off and set up.[4]

---

[3] Plaintiff is unsure why his "Famous Daves Work History" (attached hereto as Exhibit C) states that his rate of pay was $5.00 hourly. Nevertheless, it is worth noting that in this document, Defendants indicate that Plaintiff is being paid a sub-minimum wage. Moreover, there is no indication on Exhibit C that Defendants are claiming a tip credit against Plaintiff's wages.

[4] Plaintiff believes that, unlike the large catering jobs, these smaller jobs usually only took half an hour to an hour to complete.

43.     When working for Defendants as a server, Plaintiff does not ever recall his hourly wage being raised for any shift he worked for Famous Dave's, irrespective of the amount of tips he earned or the type of work he performed.

44.     Plaintiff recorded his work time by logging into MICROS, Famous Dave's point-of-sale ("POS") timekeeping system.

45.     The precise amount of time Plaintiff recorded as working each week, upon information and belief, is maintained in Defendants' employment and/or payroll records.

46.     Plaintiff typically worked for Defendants five days per week.  His typical shift started at 3:00 p.m. and Plaintiff was usually able to leave work by 12:30 a.m.  Occasionally, Plaintiff would work the early shift on Saturday or Sunday mornings.

47.     While employed by Defendants, Plaintiff was regularly required to perform the job duties set forth in Exhibit B.

48.     After the restaurant closed, Defendants required Plaintiff performed his "break down" work.  This work typically included Plaintiff performing the following tasks: wiping down tables, refilling salt and pepper shakers, refilling sauce bottles, filling the sugars and creamers at tables, taking out the trash, placing chairs on tables, sweeping the floors, rolling silverware, wiping down serving stations, washing dishes, cleaning containers, stocking condiments, cleaning the mini-fridge, emptying sauces, and breaking down soda, coffee and tea station.

49.     For the first six to seven months of Plaintiff's employment, during which time Plaintiff was frequently working in excess of forty hours per week, Plaintiff recalls being told repeatedly to clock out and then finish his side work or closing work.

50.     After approximately six to seven months of working for Defendants, Plaintiff's schedule changed to where he was working more morning shifts.  For those morning shifts, Plaintiff was required to come in at 6:00 a.m. to do prep work until approximately 10:00 a.m., and

then prepare for the restaurant opening at 11:00 a.m. On these days, Plaintiff typically worked until noon or 1:00 p.m.

51. When Plaintiff was working these morning shifts, Plaintiff was required by Defendants to perform certain "prep" work. These tasks typically included: assembling soda, tea and coffee stations, making iced tea and coffee, filling sauce bottles and placing them on tables, removing chairs from tables, cutting lemons and limes for drinks, changing out pans used in the prep line, filling ice buckets, wiping off bottles and containers as well as rolling silverware.

52. Irrespective of whether the restaurant was open to the public, to the best of Plaintiff's recollection, when "clocked in" to Defendants' timekeeping system, Plaintiff worked under the "server" job code.[5]

53. When the restaurant was closed to the public, Plaintiff often also performed cleaning duties, such as wiping down all the wood in the restaurant, including the chairs.

54. Notably, Plaintiff was never instructed to clock in under a different job code when performing non-tip generating work (such as when rolling silverware or performing strictly "side work") or when working prior to or after the restaurant opened/closed. Indeed, to the best of Plaintiff's knowledge, Defendants did not keep track of such time separately from Plaintiff's entries into the POS system.

55. Plaintiff believes that the compensation and work policies described herein, including the opening and closing duties set forth in Exhibit B, applied to both him and all the other Tipped Employees as, at no time, was he informed that a policy or procedure was unique to him. Accordingly, upon information and belief, Plaintiff believes that his experience with

---

[5] This appears to be in contravention of certain FLSA regulations, including, for example, 29 C.F.R. § 528.28 (a)(4) which requires an employer to maintain records of the "Hours worked each workday in any occupation in which the employee does not receive tips."

Defendants was typical of the experience other Tipped Employees had with Defendants regarding their pay practices and restaurant procedures.

**The Tip Credit Provision & Requirements**

*FLSA Requirements*

56. Rather than pay its Tipped Employees the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendants chose to take a tip credit and pay these employees less than the applicable minimum wage.

57. Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the tip credit wage paid by the employer equals at least the applicable minimum wage.[6]

58. The applicable requirements for an employer to claim a tip credit under federal law are set forth in 29 C.F.R. § 531.59.

59. The Department of Labor ("DOL") has set forth these requirements in an easy to read Fact Sheet, specifically Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15").

60. Fact Sheet #15 specifically states that:

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

---

[6] An employer is not relieved of their duty to pay an employee wages at least equal to the minimum wage by virtue of taking a tip credit or by virtue of the employee receiving tips from customers in an amount in excess of the applicable minimum wage. That is, an employer in the restaurant industry must pay the employee wages at least equal to the minimum wage or equal to the minimum wage less the tip credit, provided the tips claimed exceed the tip credit. Under no circumstances is the employer relieved of paying at least the minimum wage for all hours worked, regardless of how much an employee earns in tips.

61.     As is made plain in both 29 C.F.R. § 531.59 and Fact Sheet #15, in order to claim a tip credit, the employer must comply with five strict notification requirements.

62.     First, the employer must notify the employee of the amount of the cash wage the employer is paying the Tipped Employee and that amount must equal at least $2.13 per hour.

63.     Second, the employer must notify the Tipped Employee of the amount the employer is claiming as a tip credit.  In accordance with the FLSA, the tip credit claimed cannot exceed $5.12 per hour.

64.     Third, the employer must inform the Tipped Employee that the tip credit claimed cannot exceed the actual amount of tips received by the employee.  In effect, the employer must inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

65.     Indeed, the Regulation specifically states: "If the employee received less than the maximum tip credit amount in tips, the employer is required to pay the balance so that the employee receives at least the minimum wage with the defined combination of wages and tips." 29 C.F.R. § 531.59(b).[7]

66.     Fourth, the employer must notify the Tipped Employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

67.     Finally, the Tipped Employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

---

[7] For example, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference.  Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly cash component the necessary amount above $2.13 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

68.     An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage.[8]  If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

69.     As set forth herein, Defendants failed to comply with certain of the FLSA's provisions regarding the claiming of a tip credit.

*Maryland's Requirements*

70.     Maryland state law also maintains tip notification requirements.  *See* Md. Code Ann., Labor & Emp't § 3-419(a)(1)(ii) ("This section applies to each employee who has been informed by the employer about the provisions of this section").   Accordingly, courts in this District have held that "the analysis of Defendants' entitlement to claim the tip credit is the same under the FLSA and MWHL."  *Prusin v. Canton's Pearls, LLC,* No. JKB-16-0605, 2017 U.S. Dist. LEXIS 183226, *10 (D. Md Nov. 6, 2017).

71.     Importantly, however, Maryland requires hourly workers such as Tipped Employees to be paid a higher hourly wage.  Effective July 1, 2018, the hourly wage in Maryland is $10.10 per hour.  For Tipped Employees, since July 1, 2014, Maryland requires employers to pay a cash wage of at least $3.63 per hour.  Thus, for each year that the minimum wage was raised, Maryland has effectively permitted employers to take a higher tip credit amount.[9]

---

[8] Courts have strictly construed this notification requirement.  Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

[9] Thus, for example, in July 2014, when the minimum wage was $7.25, employers were permitted to claim a tip credit of $3.62 per hour.  By July 2016, when the minimum wage was $8.75, employers were permitted to claim a tip credit of $5.12 per hour ($8.75 minus the cash wage of $3.63 equals the tip credit amount of $5.12).  By July 2017, the tip credit amount had increased to $5.62 due to the minimum wage rate now being $9.25 per hour.

72.     To help ensure compliance with Maryland's wage and hour laws, Maryland's Department of Labor, Licensing & Regulation ("Department") offers a number of helpful guides and forms to the general public.

73.     In one such brochure, the Department notes that "[i]f an employee does not earn enough tips to meet the tip credit amount, the employer must make up the difference." https://www.dllr.state.md.us/forms/esstipinfobrochure.pdf (last visited January 25, 2019).

74.     The Department also makes clear that if Tipped Employees "are from time to time assigned to perform non-tip related tasks" they "must be paid by their employer at least the full minimum wage rate for that non-tipped time." *See* https://www.dllr.state.md.us/labor/wagepay/wptipped.shtml (last visited January 25, 2019).

**Defendants' Failure to Notify Tipped Employees**

75.     As explained above, the DOL has very specific requirements regarding what an employer must notify his/her employee of if that employer intends to claim a tip credit.

76.     Rather than comply with the notification requirements set forth in Fact Sheet #15, Defendants chose to simply pay their Tipped Employees with a tip credit wage. In short, Defendants failed to inform their Tipped Employees of (i) their intention to take the tip credit, and (ii) the amount Defendants intended to claim as a tip credit.

77.     Similarly, Maryland state law requires an employer to notify an employee of the amount the employer is claiming the employee received in tips so that the employee can challenge that amount before the Commissioner. *See* Md. Code Ann., Labor & Emp't § 3-419(b).

78.     District courts across the country have held that where an employer fails to satisfy any one of the notification requirements, including paying employees for all hours worked, that employer forfeits the tip credit and must pay the employee the full minimum wage.

79.     Indeed, Plaintiff does not ever recall being notified by Famous Dave's that it intended to take a "tip credit," nor how much that amount would be. Evincing the magnitude of Defendants' abject failure to notify Tipped Employees of their intention to take a tip credit, until recently, Plaintiff never even heard the term "tip credit."[10]

80.     Moreover, there is nothing in Defendants' "Server Training Guide" regarding the tip credit or the five strict notification requirements.

81.     Further, Defendants required Tipped Employees to cover certain business expenses such as customer walk-outs (aka "dine and dash").

82.     While working for Defendants, Plaintiff can recall at least three incidents where customers walked out without paying their bills. In the first instance, Plaintiff recalls his manager entering a "comp" into the system – effectively removing the outstanding customer bill from Plaintiff's transaction history. For the other two instances, however, Plaintiff was required to reimburse Famous Dave's for the walk outs, effectively requiring Plaintiff to forfeit a portion of his tips to cover these outstanding bills.

83.     As set forth above, failing to permit an employee to keep all tips received (except for a valid tip pool) nullifies the tip credit provisions of both the FLSA and MWHL. *See, e.g.,* 29 U.S.C. § 203(m)(2)(A)(ii); Md. Code Ann., Labor & Emp't § 3-419(a)(1)(iii).

84.     Plaintiff alleges that each of the above actions was done willfully by Defendants.

**Defendants' Overtime Violations**

85.     As set forth above, Defendants required Plaintiff to clock out when his hours were approaching 40 in a work week and complete his work "off-the-clock" (*e.g.*, without compensation).

---

[10] Indeed, Plaintiff's "work history" records (Exhibit C), which indicates that he was paid $5.00 per hour, does not align with (i) Plaintiff's recollection of his hourly rate nor (ii) indicate that Plaintiff would be paid using a tip credit by Defendants.

86. Upon information and belief, Defendants required other Tipped Employees to also clock out when his/her hours were approaching 40 in a work week and complete their work "off-the-clock" (*e.g.*, without compensation).

87. Under the FLSA and MWHL, an employer must pay its employees for all hours worked and premium overtime compensation for all hours worked in excess of forty.

88. Defendants failed to pay their Tipped Employees for all hours worked in violation of applicable wage and hour laws, including failing to pay premium overtime compensation for hours worked in excess of forty.

**Defendants' Tip Policy for Large Catering Events**

89. Defendants had a policy for large catering events whereby Tipped Employees were capped as to the amount of tips they could retain from a specific catering event.

90. Further, managers who worked large catering events also received a portion of the tips a customer left for the servers.

91. Thus, due to Defendants' policies, Tipped Employees were (i) denied all tips left to them by the customer and (ii) required to share their tips with Defendants.

**Defendants' Policies/Practices For Unrelated Work/Excessive Side Work**

92. The FLSA and Maryland state law recognize that individuals employed in tipped occupations, such as the Tipped Employees here, often *engage* in more than one *occupation* -- one where the tipped employee customarily receives tips and one where the tipped employee does not.

93. Indeed, applicable FLSA regulations, specifically 29 C.F.R. § 531.56, provides that when a tipped employee is employed in "dual jobs", one where he/she would customarily receive a tip and one where he/she would not, the employer is not entitled to take the tip credit for time spent engaged in the non-tipped occupation. *See* 29 C.F.R. § 531.56.

94.     As Plaintiff's experience, and Exhibit B, makes plain, Defendants required Tipped Employees to regularly perform non-tip generating work including, but not limited to, putting up/down the chairs, taking out the trash, cleaning the restaurant.

95.     Despite performing such work that does not customarily receive a tip (as none could be generated due to the restaurant being closed to the public), Defendants nonetheless took a tip credit for such time.

96.     In addition, Defendants also violated applicable wage and hour laws by enforcing a policy or practice of requiring Tipped Employees to perform non-tipped work that, even if it was related to their tipped occupation, exceeded 20 percent of their time worked in one or more individual workweeks.

97.     Indeed, based on his job duties detailed above, Plaintiff estimates that he regularly spent in excess of 20% of his time performing "side work" while on duty as a server. The precise amount of this side work, Plaintiff believes can be determined through a review of Defendants' time records for Plaintiff and the sales receipts associated with Plaintiff for each day worked.

98.     Despite this excessive amount of "side work," Plaintiff never recalls his hourly wage being raised to the full minimum wage to account for such time performing said excessive side work.

**CLASS & COLLECTIVE ACTION ALLEGATIONS**

99.     Plaintiff brings this action on behalf of the Collective Class and Collective OT Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b). Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the MD State Class and MD OT Class for claims under Maryland State Laws.

100.    The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b). The claims brought pursuant to Maryland State Laws may be

pursued by all similarly-situated persons who do not opt-out of the MD State Class and/or MD OT Class pursuant to Fed.R.Civ.P. 23.

101.    Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are over 50 individuals in each of the Classes.

102.    Defendants have acted or have refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

103.    The claims of Plaintiff are typical of the claims of the Classes he seeks to represent. Plaintiff and the members of the Classes work or have worked for Defendants and were subject to the same compensation policies and practices.

104.    Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants have failed to pay the full minimum wage for each hour worked;

(b)     whether Defendants satisfied each of the requirements in order to claim a tip credit against each hour worked;

(c)     whether Defendants were precluded from claiming the tip credit during the period encompassed by this Complaint; and

(d)     whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages.

105. Plaintiff will fairly and adequately protect the interests of the Classes as his interests are aligned with those of the members of the Classes. Plaintiff has no interests adverse to the Classes he seeks to represent and has retained competent and experienced counsel.

106. The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

107. Plaintiff and the Classes he seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

108. Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of the MWHL.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
**(On Behalf of the Collective Class)**

109. Plaintiff, on behalf of himself and the Collective Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

110. Upon information and belief, at all relevant times, Famous Dave's has had gross revenues in excess of $500,000.

111. At all relevant times, Famous Dave's has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

112. At all relevant times, Famous Dave's has employed, and/or continues to employ, Plaintiff and each of the Collective Class Members within the meaning of the FLSA.

113.    Pursuant to Famous Dave's compensation policies, rather than pay Tipped Employees the federally-mandated minimum wage, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage without fulfilling the notification requirements of the FLSA.

114.    Famous Dave's has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

115.    Due to Famous Dave's FLSA violations, Plaintiff, on behalf of himself and the members of the Collective Class, are entitled to recover from the Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
**(On Behalf of the Collective Class)**

116.    Plaintiff, on behalf of himself and the Collective Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

117.    Upon information and belief, at all relevant times, Famous Dave's has had gross revenues in excess of $500,000.

118.    At all relevant times, Famous Dave's has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

119.    At all relevant times, Famous Dave's has employed, and/or continues to employ, Plaintiff and each of the Collective Class Members within the meaning of the FLSA.

120.    As set forth above, Defendants failed to comply with the FLSA, its applicable regulations (including 29 C.F.R. § 531.56(e)), and DOL guidance (including the Department of Labor Field Operations Handbook §30d00(e) and §30d00(f)) by requiring Plaintiff and the members of the Collective Class to perform non-tipped labor unrelated to their tipped occupation

over the course of their regular workweek, while paying said employees at the sub-minimum wage, tip credit rate.

121.    Examples of such non-tipped labor unrelated to the primary duties of Tipped Employees includes, but are not limited to, taking out trash; cleaning the restaurant; sweeping the floors; breaking down and cleaning booths; putting up/down chairs; restocking items; and rolling bins full of silverware.

122.    Pursuant to Famous Dave's compensation policies, rather than pay Tipped Employees the full minimum wage for this work, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage for the time spent performing this non-tip generating work.

123.    Famous Dave's has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

124.    Due to Famous Dave's FLSA violations, Plaintiff, on behalf of himself and the members of the Collective Class, are entitled to recover from the Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**THIRD CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
**(On Behalf of the Collective Class)**

125.    Plaintiff, on behalf of himself and the Collective Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

126.    Upon information and belief, at all relevant times, Famous Dave's has had gross revenues in excess of $500,000.

127.    At all relevant times, Famous Dave's has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

128.     At all relevant times, Famous Dave's has employed, and/or continues to employ, Plaintiff and each of the Collective Class Members within the meaning of the FLSA.

129.     As set forth above, Defendants failed to comply with the FLSA, its applicable regulations (including 29 C.F.R. § 531.56(e)), and DOL guidance (including the Department of Labor Field Operations Handbook §30d00(e) and §30d00(f)) by requiring Plaintiff and the members of the Collective Class to perform non-tipped labor related to their tipped occupation for substantial and unreasonable amounts of time in excess of twenty percent (20%) of their regular workweek, and at times that are not contemporaneous to direct-service duties, while paying said employees at the sub-minimum wage, tip credit rate.

130.     Examples of such non-tipped labor related to the primary duties of Tipped Employees includes, but are not limited to, making iced tea; making coffee; stocking ice bins; setting up the potato well; and rolling bins full of silverware.

131.     Defendants required Plaintiff and members of the Collective Class to perform such related but non-tipped work for substantial and unreasonable period of times prior to waiting on any customers, after waiting on last customers, prior to the restaurants' opening for business and following the restaurants' close for business.

132.     Pursuant to Famous Dave's compensation policies, rather than pay Tipped Employees the full minimum wage for this work, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage for the time spent performing this non-tip generating work.

133.     Famous Dave's has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

134.     Due to Famous Dave's FLSA violations, Plaintiff, on behalf of himself and the members of the Collective Class, are entitled to recover from the Defendants, compensation for

unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**FOURTH CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS**
**(On Behalf of the Collective Class)**

135.    Plaintiff, on behalf of himself and the Collective Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

136.    Upon information and belief, at all relevant times, Famous Dave's has had gross revenues in excess of $500,000.

137.    At all relevant times, Famous Dave's has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

138.    At all relevant times, Famous Dave's has employed, and/or continues to employ, Plaintiff and each of the Collective Class Members within the meaning of the FLSA.

139.    Pursuant to Famous Dave's policies, rather than pay Tipped Employees for all hours worked, Defendants required Tipped Employees to clock out and work "off-the-clock" so as to avoid paying premium overtime compensation.

140.    Famous Dave's has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq*.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

141.    Due to Famous Dave's FLSA violations, Plaintiff, on behalf of himself and the members of the Collective Class, are entitled to recover from the Defendants, compensation for unpaid overtime at the weighted average rate; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b)

**FIFTH CLAIM FOR RELIEF**
**MARYLAND MINIMUM WAGE VIOLATIONS**

**(On Behalf of the MD State Class)**

142.     Plaintiff, on behalf of himself and the members of the MD State Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

143.     At all relevant times, Plaintiff and the MD State Class were "Employees" and Defendants was their "Employer" within the meaning of the MWHL.

144.     At all relevant times, Famous Dave's has employed, and/or continues to employ, Plaintiff and each of member of the MD State Class within the meaning of the MWHL.

145.     Defendants were obligated to pay Plaintiff and the members of the MD State Class at least the minimum wage for each hour worked, pursuant to § 3-413 of the MWHL.

146.     Pursuant to Famous Dave's compensation policies, rather than pay Tipped Employees the Michigan mandated minimum wage, Famous Dave's improperly took a tip credit and only paid a tip credit wage.  The result of this conduct was that Tipped Employees were paid at a rate below the Maryland minimum wage.

147.     At relevant times in the period encompassed by this Complaint, Famous Dave's had a willful policy and practice of failing to satisfy the notification requirements set forth in § 3-419 of the MWHL in order for Defendants to claim the tip credit.

148.     As a result of Defendants' willful practices, Famous Dave's was not entitled to claim the tip credit and pay Plaintiff and the members of the MD State Class less than the Maryland minimum wage for all hours worked.

149.     Due to the Defendants' violations, Plaintiff, on behalf of himself and the members of the MD State Class, are entitled to recover from Defendants the amount of unpaid minimum wages, attorneys' fees, and costs.

### SIXTH CLAIM FOR RELIEF
### MARYLAND OVERTIME WAGE VIOLATIONS
**(On Behalf of the MD OT Class)**

150. Plaintiff, on behalf of himself and the MD OT Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

151. Pursuant to Famous Dave's policies, rather than pay Tipped Employees for all hours worked, Defendants required Tipped Employees to clock out and work "off-the-clock" so as to avoid paying premium overtime compensation.

152. Defendants failed to pay Plaintiff and the MD OT Class the proper overtime wages to which they are entitled under the MWHL and the supporting Maryland Department of Labor Regulations.

153. Defendants failed to pay Plaintiff and the MD OT Class one-and-one-half times the full minimum wage for all hours worked in excess of forty in a work week.

154. Through their knowing or intentional failure to pay Plaintiff and members of the MD OT Class overtime wages for hours worked in excess of 40 per workweek, Defendants have willfully violated Md. Code Ann., Labor & Emp't § 3-420, *et seq.*, and the supporting Maryland Department of Labor Regulations.

155. Due to Defendants' willful violations of the MWHL, Plaintiff, on behalf of himself and the members of the MD OT Class, are entitled to recover from the Defendants compensation for unpaid overtime hours worked, liquidated damages, and reasonable attorneys' fees and costs.

**SEVENTH CLAIM FOR RELIEF**
**MARYLAND WAGE PAYMENT AND COLLECTION LAW VIOLATIONS**
**(On Behalf of the MD State Class)**

156. Plaintiff, on behalf of himself and the members of the MD State Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

119. The MWPCL provides in relevant part:

Each employer:

(i)     Shall set regular pay periods; and

(ii)      Except as provided in paragraph (2) of this subsection, shall pay each employee at least once in every 2 weeks or twice in each month.

Md. Code Ann., Labor & Employment, §3-502.

157.    Plaintiff and members of the MD State Class are/were employees of Defendants within the meaning of the MWPCL and, as such, are entitled to timely payment of wages due to them.

158.    Defendants are employers within the meaning of the MWPCL.

159.    More than two weeks have elapsed from the date on which Defendants were required to have paid the wages owed to the Plaintiff and to the MD State Class members for all hours of work and the full minimum wage due and owing for each hour worked. Defendant has no bona fide reason for withholding the wages owed to the Plaintiff and to the MD State Class members.

160.    Further, Md. Code Ann., Labor & Employment, §3-505 requires an employer to pay an employee "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated."

161.    Plaintiff and members of the MD State Class who ceased employment with Defendants more than two weeks ago are entitled to unpaid compensation, but to date have not received such compensation.

162.    Pursuant to Md. Code Ann., Labor & Employment, §3-507.2, due to the Defendants' violations set forth above, Plaintiff, on behalf of himself and the members of the MD State Class, are entitled to recover three times the unpaid wages, attorneys' fees and costs.

**EIGHTH CLAIM FOR RELIEF**
**MARYLAND COMMON LAW – UNJUST ENRICHMENT**
**(Brought on Behalf of Plaintiff and the MD State Class Against All Defendants)**

163.    Plaintiff, on behalf of himself and the members of the MD State Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

164.    Plaintiff and the members of the MD State Class were employed by Defendants within the meaning of the MD State Laws.

165.    At all relevant times, Defendants had a willful policy and practice of denying Tipped Employees their full share of gratuities.

166.    During the class period covered by this Complaint, Plaintiff and Tipped Employees were subjected to unlawful deductions from their gratuities.

167.    Defendants retained the benefits of its unlawful deductions from the gratuities from Plaintiff and Tipped Employees under circumstances which rendered it inequitable and unjust for Defendants to retain such benefits.

168.    Also during the class period covered by this Complaint, Plaintiff and Tipped Employees were subjected to Defendants' policy and/practice of requiring Tipped Employees to clock-out rather than accrue overtime compensation.

169.    Defendants retained the benefits of their unlawful policy whereby Plaintiff and the MD State Class members provided uncompensated labor under circumstances which rendered it inequitable and unjust for Defendants to retain such benefits without paying for its value.

170.    Defendants were unjustly enriched by requiring the Plaintiff, and other members of the MD State Class, to work without payment for all hours worked and/or subjecting said individuals to such unlawful deductions described above.

171.    Plaintiff and members of the MD State Class rendered valuable services to the Defendants.

172.    The services were accepted and enjoyed by Defendants.

173. As direct and proximate result of Defendants' unjust enrichment, Plaintiff and the members of the MD State Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendants of the benefits conferred by Plaintiff and the MD State Class.

174. Plaintiff, on behalf of himself and the members of the MD State Class, is entitled to reimbursement, restitution and disgorgement of benefits received by Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and/or on behalf of himself and all other similarly situated members of the Classes respectfully requests the Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Collective Class and Collective OT Class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

B. Designation of the action as a class action under F.R.C.P. 23 on behalf of the MD State Class and MD OT Class;

C. Designation of Plaintiff as representative of the Classes;

D. Designation of Plaintiff's counsel as class counsel for the Classes;

E. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, MWHL, and MWPCL;

F. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

G. An award of unpaid minimum wages to Plaintiff and the members of the Classes;

H. An award of liquidated damages to Plaintiff and members of the Classes;

I. Pre-judgment interest and post-judgment interest;

J.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

K.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as to all issues so triable.

Dated: February 19, 2019                    Respectfully submitted,


By: */s/ E. David Hoskins*

**THE LAW OFFICES
OF E. DAVID HOSKINS, LLC**
E. David Hoskins, Esq., No. 06705
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
davidhoskins@hoskinslaw.com


By: */s/ Gary F. Lynch*

**CARLSON LYNCH KILPELA &
CARPENTER, LLP**
Gary F. Lynch, Esq., No. 29779
1133 Penn Ave, 5th Floor
Pittsburgh, PA 15222
T: 412-322-9243
F: 412-231-0246
glynch@carlsonlynch.com


**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Telephone: 610-822-3700
Facsimile: 610-822-3800
Email: gwells@cwglaw.com
          rgray@cwglaw.com
*To Be Admitted Pro Hac Vice*
*Attorneys for the Plaintiff and the*
*Proposed Classes*