IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER GRAHAM, on behalf of himself and all others similarly situated, | * | |
| | * | Civil Action No.: 1:19-cv-00486-DKC |
| Plaintiff, | * | |
| v. | * | |
| FAMOUS DAVE'S OF AMERICA, INC., et al. | * | |
| Defendants. | * | |
| | ******* | |

## DECLARATION OF GERALD D. WELLS, III

I, Gerald D. Wells, III, declare as follows:

1. I am a founding member of the law firm of Connolly Wells & Gray, LLP (the "Firm").

2. I have been involved in all aspects of this litigation, from the pre-suit investigation through present.

3. I make this Declaration in support of (i) Plaintiff's Motion To Certify Class Pursuant To Fed. R. Civ. P. 23 and Motion To Conditionally Certify Collective Class ("Plaintiff's Motion"). The matters set forth herein are stated within my personal knowledge and/or information shared with me by my colleagues and co-counsel.

4. I am submitting this declaration to put before the Court certain facts that I believe are relevant to the Court's consideration of whether class and collective certification is appropriate, and which further support my belief that Plaintiff's Motion should be granted.

5. As set forth herein, CWG has done substantial work to investigate potential claims in this matter and has vigorously pursued the interests of both Plaintiff and the proposed classes throughout the litigation.

## EDUCATION AND EMPLOYMENT HISTORY

6. I am a graduate of both Temple University and Temple University School of Law (J.D. 2001).

7. The Firm was founded in October 2013 by me and my two partners, Stephen E. Connolly and Robert J. Gray.

8. Prior to this, I was with the law firm of Faruqi & Faruqi, LLP ("F&F"). I became a partner at F&F in January 2012. While at F&F, I was either chair or co-chair of the firm's employment practices group.

## ADMISSIONS & PRACTICE AREAS

9. I am licensed to practice law in Pennsylvania, New Jersey, and California. In addition, I am admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the Third, Eighth, Ninth, and Eleventh Circuits, the United States District Courts for the Eastern District of Pennsylvania, Eastern District of Michigan, Northern District of Illinois, Northern, Southern, Central and Eastern Districts of California, and District Court of New Jersey.

10. I have significant experience in complex commercial litigation, having spent the last sixteen years litigating exclusively complex litigation matters.

11. I have experience in prosecuting both complex consumer protection and employee protection cases, and have served as counsel of record in numerous cases alleging violations of the following federal statutes: (i) Employee Retirement Income Security Act ("ERISA"); (ii) the Fair Labor Standards Act ("FLSA"); (iii) Fair Debt Collection Protection Act ("FDCPA"); and (iv) the Americans with Disabilities Act ("ADA").

12. I have been admitted *pro hac vice* in federal courts across the country, including, among others, the District of Maryland, Western District of Pennsylvania, District of Colorado,

Western District of New York, Southern District of Florida, and Eastern District of Missouri.

13. My complex litigation experience includes serving as class counsel in such cases as *In re Bristol-Myers Squibb ERISA Litig.*, No. 02-cv-10129 (S.D.N.Y.) (settlement of ERISA claims of 40,000 class members for $41.22 million plus structural plan changes valued at up to $52 million); *In re Westar Energy Inc. ERISA Litig.,* No. 03-4032-JAR (D. Kan.) ($9.25 million cash settlement); *In re Federal Home Loan Mortgage Corp. Securities & Derivative Litig.,* No. 04-md-1584 (S.D.N.Y.) (settlement of ERISA claims for $4.65 million plus additional ameliorative measures); *In Re RCN ERISA Litig.,* Master File No. 04-cv-5068 (D. NJ.) ($5.375 million cash settlement); and *Falk v. Amerada Hess Corp.,* No. 03-CV-2491-FSH-PS ($2.25 million in cash plus structural remedies valued at up to $23.8 million).

14. I have also helped obtain the following settlements in opt-out class actions: *Weaver v. Edward D. Jones & Co*., L.P., Nos. 08-cv-529, 08-cv-540 (N.D. Ohio) (settlement of state and federal wage and hour claims for up to $19 million); *In re Janney Montgomery Scott Financial Consultant Litig.*, No. 06-cv-3202 (E.D. Pa.) (settlement of state and federal wage and hour claims for up to $2.88 million); *Tobin v. A.G. Edwards & Sons, Inc.,* No. 08-cv-338 (S.D. Cal.) (settlement of state and federal wage and hour claims for up to $12 million); *In re: AXA Wage and Hour Litig.,* No. 06-cv-4291 (N.D. Cal.) (settlement of state and federal wage and hour claims for $6.5 million); *In re M.L. Stern Overtime Litig.,* No. 07-cv-118 (S.D. Cal.) (settlement of $945,960 for state and federal wage and hour claims of 219 class members).

15. In addition, I also served as class counsel in an action styled *Avangard Auto Finance, Inc. v. Great American Ins. Co.*, No. 10-cv-6849 (E.D. Pa.)(class settlement consisting of full recovery of alleged damages).

16. Because of my experience and expertise, I have been asked to speak at numerous conferences regarding recent trends in employment law.

## CWG'S EXPERIENCE AS CLASS COUNSEL

17. Based on the Firm's collective experience and expertise, courts have not hesitated in appointing CWG to leadership positions.

18. For example, the Firm served as co-lead class counsel in the *Gedek v. Perez, et al.* (*In Re Kodak ERISA Litig.*), No. 6:12-cv-06051 (W.D.N.Y.); an ERISA class action that obtained final approval of a $9.7 million class settlement.

19. The Firm also served as class counsel in the following cases: *Bergman v. Kindred Healthcare Inc., et al.,* No. 10cv191 (N.D. Ill.) (obtaining final approval of $700,000 settlement in state-wide class action alleging violations of wage and hour laws); *Hellmann v. Cataldo, et al.,* No. 12-cv-2177 (E.D. Mo.) (in ERISA action, obtaining final approval for $800,000 settlement class); *Koenig v. Granite City Food & Brewery, Ltd.,* No. 16-1396 (W.D. Pa.) (obtaining final approval of $305,000 wage and hour settlement). The Firm also represented the opt-in plaintiffs in the matter styled *In re Chickie's & Pete's Wage and Hour Litigation,* Master File No. 12-cv-6820 (E.D. Pa.) (settlement on behalf of opt-in plaintiffs, obtaining 100% recovery of the back wages allegedly owed).

20. The Firm also served as co-lead and trial counsel in the wage and hour suit styled *Verma v. 3001 Castor Inc.,* No. 13-cv-3034 (E.D. Pa.), which resulted in a jury verdict award of over $4.5 million to a class of current and former employees due to violations of Pennsylvania wage and hour laws.

## CWG HAS A PROVEN TRACK RECORD

21. The attorneys at CWG plainly satisfy the requirements of Rule 23 as they have served as class counsel in numerous other class actions, many of which were brought in district courts in this very Circuit.

22. Some of CWG's notable cases include the following: *Magness v. Walled Lake Credit Bureau et al*, No. 12-CV-06586 (E.D. Pa.)(final approval granted in FDCPA class action, recovering $550,000 for 31,000 member class); *Volyansky v. Hayt, Hayt & Landau, LLC*, No. 13-3360 (E.D. Pa.)(final approval granted and statutory cap in damages recovered for settlement class where plaintiff alleged FDCPA violation); *Ebner v. United Recovery Systems, LP,* No. 14-cv-06881 (E.D. Pa.)(final approval granted to settlement class consisting of over 130,000 members where maximum statutory cap in damages recovered).

23. In addition, the Firm also recently obtained final approval in the following analogous class action settlements: *Kotchmar v. Movie Tavern Partners, LP, et al.*, No. 15-cv-04061 (E.D. Pa.) (granting final approval of $750,000 settlement where plaintiff alleged defendants failed to comply with tip notification requirements), and *Graudins v. Kop Kilt, LLC*, No. 14-2589, 2017 U.S. Dist. LEXIS 25926 (E.D. Pa. Feb. 24, 2017) (granting final approval for $300,000 settlement for class of employees at single restaurant who alleged, *inter alia*, tip credit notification violation).

24. Notably, in approving the *Graudins* settlement, the Honorable Judge Surrick found that the attorneys of CWG "have extensive experience litigating wage-related employment matters in various district courts" and noted that a "number of courts" in the Eastern District of Pennsylvania found the firms to be "competent, experienced, and well-qualified to prosecute" class actions similar to the instant matter. *Graudins*, 2017 U.S. Dist. LEXIS 25926, *11.

25. CWG has been appointed as class counsel in numerous wage and hour suits alleging violations of tip credit provisions at various eating establishments. These include *Koenig v. Granite City Food & Brewery, Ltd.*, No. 16-1396, 2017 U.S. Dist. LEXIS 71809 (W.D. Pa. May 11, 2017); *Casco v. Ponzios RD, Inc.,* No. 16-2084, 2018 U.S. Dist. LEXIS 73869 (D. N.J. April 30, 2018).

26. Accordingly, because CWG have been found to meet the requirements of Rule 23 in the past, this Court should find that they meet the Rule's requirements in the instant matter.

### CWG Has Done Significant Work To Date

27. The attorneys at CWG, along with our co-counsel, have been involved in all aspects of the prosecution this matter, from the pre-suit investigation through present.

28. They have done substantial work to investigate potential claims in the litigation and have vigorously pursued the interests of both their client and the members of the proposed classes throughout the litigation.

29. This work includes: (i) conducting an initial investigation into the circumstances surrounding Plaintiff's employment with Defendant, (ii) drafting a detailed complaint; (iii) reviewing Defendant's Answer; (iv) conferring with Defendant's counsel; (v) propounding and responding to discovery; (vi) reviewing hundreds of pages of documents; (vii) and traveling for depositions.

30. Ultimately, the work done by counsel has been borne out by the comprehensive and detailed brief explaining precisely how Defendant's payroll practices adversely affected Plaintiff and members of the proposed classes.

31. For these reasons, this Court should appoint CWG as counsel for the Rule 23 state class and counsel for the federal collective class.

### The Court Should Find The Plaintiff To Be An Adequate Class Representative

32. Based on my experience, Plaintiff Christopher Graham is an adequate representative pursuant to Fed. R. Civ. P. 23(a)(4).

33. As an initial matter, he is similarly situated to other Tipped Employees insofar as he was paid by Defendant where Defendant claimed a tip credit and was employed as a server, which Defendant considers "Tipped Employees."

34. Further, there is no evidence that his interests are in conflict with the members of classes he seek to represent. Instead, Plaintiff and members of the classes share the common goal of demonstrating Defendant's failure to comply with the tip credit provisions necessary in order for Defendant to properly claim and utilize a tip credit.

35. Moreover, Plaintiff has expended considerable time and effort in assisting counsel in the prosecution of this matter against Defendant. For example, Mr. Graham spent time assisting with the development of the case and reviewing the draft complaint, provided information to Plaintiff's counsel (including the production of documents related to his time at Famous Dave's), and responded to Defendants' discovery requests.

36. Further, Plaintiff prepared and sat for his deposition. Clearly, this evidences Plaintiff's commitment to the case and to the classes he seeks to represent.

37. In short, based on his conduct to date, Plaintiff has clearly demonstrated his adequacy to serve as class representative.

### PERMISSIBLE TIP CREDIT AMOUNTS BY STATE

*Iowa*

38. Effective August 1, 2016, in Iowa, the minimum wage was $7.25 per hour, with the minimum cash wage for a tipped employee being $4.35 per hour and the maximum tip credit that could be claimed by an employer being $2.90. *See* https://www.dol.gov/whd/state/tipped2016.htm

39. In 2017, in Iowa, the minimum wage was $7.25 per hour, with the minimum cash wage for a tipped employee being $4.35 per hour and the maximum tip credit that could be claimed by an employer being $2.90. *See* https://www.dol.gov/whd/state/tipped2017.htm

40. In 2018, in Maryland, the minimum wage was $7.25 per hour, with the minimum cash wage for a tipped employee being $4.35 per hour and the maximum tip credit that could be claimed by an employer being $2.90. *See* https://www.dol.gov/whd/state/tipped2018.htm

41. Effective January 1, 2019, in Iowa, the minimum wage is $7.25 per hour, with the minimum cash wage for a tipped employee being $4.35 per hour and the maximum tip credit that could be claimed by an employer being $2.90. *See* https://www.dol.gov/whd/state/tipped.htm#Iowa.

*Indiana*

42. Indiana has the same minimum wage as federal law ($7.25 per hour) and thus consequently requires the same the minimum cash wage for a tipped employee ($2.13 per hour) and the maximum tip credit amount that could be claimed by an employer ($5.12 per hour) as federal law. *See* https://www.dol.gov/whd/state/tipped.htm#Indiana.

*Maryland*

43. Effective July 1, 2016, in Maryland, the minimum wage was $8.75 per hour, with the minimum cash wage for a tipped employee being $3.63 per hour and the maximum tip credit that could be claimed by an employer being $5.12. *See* https://www.dol.gov/whd/state/tipped2016.htm

44. Prior to July 1, 2016, the minimum wage in Maryland was $8.25 per hour, with the minimum cash wage for a tipped employee being $3.63 per hour and the maximum tip credit that could be claimed by an employer being $4.62 per hour. *See* https://www.dol.gov/whd/state/tipped2015.htm

45. In 2017, in Maryland, the minimum wage was $8.75 per hour, with the minimum cash wage for a tipped employee being $3.63 per hour and the maximum tip credit that could be claimed by an employer being $5.12. *See* https://www.dol.gov/whd/state/tipped2017.htm

46. On July 1, 2017, Maryland's minimum wage increased to $9.25 per hour. *See* Md. Code Ann., Labor & Employment, § 3-413 (c).

47. In 2018, in Maryland, the minimum wage was $9.25 per hour, with the minimum cash wage for a tipped employee being $3.63 per hour and the maximum tip credit that could be claimed by an employer being $5.62. *See* https://www.dol.gov/whd/state/tipped2018.htm

48. On July 1, 2018, Maryland's minimum wage increased to $10.10 per hour. *See* Md. Code Ann., Labor & Employment, § 3-413 (c).

49. Currently, in 2019, in Maryland, the minimum wage is $10.10 per hour, with the minimum cash wage for a tipped employee being $3.63 per hour and the maximum tip credit that could be claimed by an employer being $6.47. *See* https://www.dol.gov/whd/state/tipped.htm#Maryland.

50. Maryland state wage and hour law mandates that the minimum wage increase on July 1, 2017, then again on July 1, 2018, then again on January 1, 2020 (and every year thereafter through 2026). *See* Md. Code Ann., Labor & Employment, § 3-413 (c).

51. As a result of the increase in the minimum wage as of each of these dates, there was also a corresponding increase in the maximum tip credit amount an employer could permissibly claim. This is because Md. Code Ann., Labor & Employment, §3-419, states that the maximum tip credit amount may include in the computation of wages "may not exceed the minimum wage established under §3-413 of this subtitled for the employee less $ 3.63." *Id.,* §3-419 (c).

52. Consequently, given Maryland's increase in the permissible tip credit an employer could claim, all Tipped Employees who worked for Defendant in Maryland would have the same issue of whether they were properly notified by Defendant of the increase in the tip credit they claimed.

53. Indeed, absent Defendant (or any employer) claiming the increased tip credit amount, this would necessarily mean that Famous Dave's (or that employer) failed to pay at least the minimum wage. This is because only claiming the previous tip credit amount and paying the same minimum cash wage ($3.63) would result in the employee being paid below the newly operative minimum wage.

*New Jersey*

54. In 2016, in New Jersey, the minimum wage was $8.38 per hour, with the minimum cash wage for a tipped employee being $2.13 per hour and the maximum tip credit that could be claimed by an employer being $6.25. *See* https://www.dol.gov/whd/state/tipped2016.htm

55. For 2017, New Jersey's minimum wage was $8.44 per hour, with the minimum cash wage for a tipped employee being $2.13 per hour and the maximum tip credit that could be claimed by an employer being $6.31. *See* https://www.dol.gov/whd/state/tipped2017.htm

56. In 2018, in New Jersey, the minimum wage was $8.60 per hour, with the minimum cash wage for a tipped employee being $2.13 per hour and the maximum tip credit that could be claimed by an employer being $6.47. *See* https://www.dol.gov/whd/state/tipped2018.htm

57. Currently, the minimum wage in New Jersey is $8.85 per hour, with the minimum cash wage for a tipped employee being $2.13 per hour and the maximum tip credit that could be claimed by an employer being $6.72. *See* https://www.dol.gov/whd/state/tipped.htm#NewJersey

*New York*

58. Effective December 31, 2015, in New York, the minimum wage was $9.00 per hour, with the minimum cash wage for a tipped food service worker being $7.50 per hour and the maximum tip credit that could be claimed by an employer being $1.50. *See* https://www.dol.gov/whd/state/ tipped2016.htm

59. By 2018, the minimum wage in New York had risen to $10.40 per hour, with the minimum cash wage for a tipped food service worker being $7.50 per hour and the maximum tip credit that could be claimed by an employer being $2.90. *See* https://www.dol.gov/whd/state/tipped2018.htm

60. Currently, in New York, the minimum wage is $11.10 per hour, with the minimum cash wage for a tipped food service worker being $7.50 per hour and the maximum tip credit that could be claimed by an employer being $3.60. *See* https://www.dol.gov/whd/state/tipped.htm#NewYork

61. Different rates apply to tipped food and service employees in New York City, Long Island, and Westchester.

*Wisconsin*

62. In 2016, in Wisconsin, the minimum wage was $7.25 per hour, with the minimum cash wage for a tipped employee being $2.33 per hour and the maximum tip credit that could be claimed by an employer being $4.92. *See* https://www.dol.gov/whd/state/tipped2016.htm

63. Wisconsin had the same requirements for 2017 (*see* https://www.dol.gov/whd/state/tipped2017.htm), 2018 (*see* https://www.dol.gov/whd/state/tipped2018.htm), and 2019. *See* https://www.dol.gov/whd/state/tipped.htm#Wisconsin

64. When compared to the information provided by Defendant to its Tipped Employees, via its Tip Credit Notice, certain of the mandated, required information was inaccurate.

65. First, the Tip Credit Notice inaccurately stated the minimum cash wage that was to be paid to the employee. *See* Exhibit E attached hereto (stating "you will receive a cash wage from the Company of $3.63 per hour). Second, the Tip Credit Notice inaccurately stated the tip credit amount that Famous Dave's would claim. *Id.* (stating the "Company intends to claim a tip credit of $3.62 per hour").

66. Indeed, failing to pay the minimum cash wage mandated by a particular state and claiming anything other than the maximum tip credit amount allowed by a particular state would necessarily result in a payment below that state's mandated minimum wage.

67. Consequently, failing to provide particularized notice based on each state's individual requirements necessarily results in inaccurate information being conveyed to that state's Tipped Employees.

## THE DOCUMENTS AT ISSUE

68. Attached hereto as Exhibit A are true and correct copies of excerpts of the deposition of Defendant's corporate designee, Al Hank, which was conducted on June 27, 2019 in Baltimore, Maryland.

69. Attached hereto as Exhibit B are true and correct copies of excerpts of the deposition of Defendant's corporate designee, Michael Medved, which was conducted on June 27, 2019 in Baltimore, Maryland.

70. Attached hereto as Exhibit C is a true and correct copy of a document titled "Defendant Famous Dave's of America, Inc.'s Answers and Objections to Plaintiff's Request for

Admissions." This document was previous marked as Exhibit 24 in the deposition of Defendant's corporate designees.

71. Attached hereto as Exhibit D are true and correct copies of excerpts of the deposition of Named Plaintiff, Christopher Graham, which was conducted on August 13, 2019 in Annapolis, Maryland.

72. Attached hereto as Exhibit E is a true and correct copy of a document titled "Fair Labor Standards Act Notice To Tipped Employees," dated May 2011. This document, bearing Bates Nos. FDA 000034-35, has been marked "CONFIDENTIAL" by Defendant. This document was previous marked as Exhibit 2 in the deposition of Defendant's corporate designees.

73. Attached hereto as Exhibit F is a true and correct copy of a document entitled "Famous Dave's JOB DESCRIPTION" for the Job Code "Server", dated April 2015. This document, bearing Bates Nos. FDA 000052-53, has been marked "CONFIDENTIAL" by Defendant. This document was previous marked as Exhibit 24 in the deposition of Defendant's corporate designees. This document was previous marked as Exhibit 8 in the deposition of Defendant's corporate designees.

## CONCLUSION

74. Based on the foregoing, I believe that Plaintiff and counsel meet all of the requirements to serve as class representative and class counsel respectively in the instant matter. Accordingly, I believe that Plaintiff's Motion should be granted as it is in accordance with applicable law.

I declare under penalty of perjury that the foregoing is true and correct. This Declaration was executed on September 16, 2019, in Philadelphia, Pennsylvania.

*/s/ Gerald D. Wells, III*
Gerald D. Wells, III