IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER GRAHAM, on behalf  :
of himself and all others
similarly situated             :

    v.                         :   Civil Action No. DKC 19-0486

                                                  :
FAMOUS DAVE'S OF AMERICA, INC.,
and Doe Defendants 1-10        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FSLA") and state law wage dispute is the motion of Plaintiff Christopher Graham to reconsider the previous order partially denying his motion for conditional certification of a collective action. (ECF No. 65). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for reconsideration will be denied.

**I. Background**

The relevant background is set out in the previous opinion in this case. (ECF No. 62); *Graham v. Famous Dave's of Am., Inc.*, No. DKC 19-0486, 2020 WL 5653231 at *1-*2 (D.Md. 2020). This opinion, among other things, granted certification of the purported collective of Defendant Famous Dave's of America, Inc. ("Famous Dave's") tipped employees in Maryland during the relevant period, but not at other nationwide locations. On October 7, 2020, Mr.

Graham moved for reconsideration, "seeking to add New Jersey, New York and Nebraska to the scope of the Conditional Certification of a Collective Class." (ECF No. 65). On October 15, an unopposed extension of time was granted, moving the deadline for reporting on a proposed notice to the collective to fourteen days after this motion for reconsideration is decided and granting the unopposed request to toll the statute of limitations for all Maryland FLSA putative plaintiffs from October 14, 2020, until fourteen days after the court's approval of a notice to putative plaintiffs. (ECF No. 69). On October 21, 2020, Famous Dave's filed its opposition to the motion for reconsideration. (ECF No. 70). On November 11, 2020, Mr. Graham replied. (ECF No. 74).

**II. Standard of Review**

Fed.R.Civ.P. 54(b) governs reconsideration of orders that do not constitute final judgments in a case. It provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). Judge Blake has explained:

> Most courts have adhered to a fairly narrow
> set of grounds on which to reconsider their
> interlocutory orders and opinions. Courts
> will reconsider an interlocutory order in the
> following situations: (1) there has been an

>     intervening change in controlling law; (2)
>     there is additional evidence that was not
>     previously available; or (3) the prior
>     decision was based on clear error or would
>     work manifest injustice.

*Blanch v. Chubb & Sons, Inc.*, 124 F.Supp.3d 622, 629 (D.Md. 2015).

### III. Analysis

Plaintiff does not point to any newly discovered evidence or any intervening changes in the law.  Instead, he argues that this is the "rare case where a motion for reconsideration should be granted in order to correct a clear error and prevent a manifest injustice."  Plaintiff argues: 1) there are *no* individual issues that merit denying a nationwide conditional certification; 2) the order conflicts with this court's previous rulings; and 3) the order also conflicts with other similar wage cases.  (ECF No. 65-1, at 9-16).

Plaintiff's motion for reconsideration will be denied.  As Defendant rightly argues, Plaintiff presents nothing new in seeking to add tipped employees from Nebraska, New Jersey, and New York to the conditional collective.  Plaintiff included the alleged inaccuracy of the tip credit notice forms in each of these states in the earlier briefs and an attendant declaration before the prior ruling.  (ECF Nos. 49, 50).  Instead, Mr. Graham simply argues that the previous opinion was wrong in its comparison between purported Plaintiffs in these states, but in doing so, he misreads the clear error standard on which he relies.  The opinion, in the

section quoted by Defendant, pointed to multiple individual issues occurring at the former Famous Dave's locations in Maryland that were compounded by further differences between those locations and those in other states that used other state-specific tip credit forms, under different state wage laws. Such differences, viewed collectively, made nationwide certification inappropriate. (ECF No. 70, at 5) (citing *Graham*, 2020 WL 5653231 at *9). Plaintiff's argument that no individual issues exist between nationwide Famous Dave's locations is simply wrong.[1]

The previous order is also not clearly inconsistent with any prior rulings of this court or this district, nor in conflict with the weight of decisions in similar wage cases generally. The decisions pointed to by Plaintiff can all be distinguished for the reasons set out by Defendant, and more, including Mr. Graham's lengthy discussion of *Johnson v. Helion Tech., Inc.*, No. DKC 18-3276, 2019 WL 4447502 (D.Md. 2019).[2] None of the cases pointed

---

[1] Plaintiff also relies heavily on comparisons to *Dorsey v. TGT Consulting, LLC*, 888 F.Supp.2d. 670 (D.Md. 2012), but that case involved defendants who demonstrated that all of their corporate owned restaurants had a "standard hiring process" that trained managers on specifically what to tell new employees in regard to tip reporting. Here, the record showed that localized differences in verbal tip notification were accounted for in practice. *Id.* at 687.

[2] All the proposed class members in *Johnson* worked in Maryland, and it did not involve tip credit notification but, instead, whether employees with similar job titles were exempt under the FLSA. *Id.* at *1.

4

to, inside or outside of this district, demonstrate the kind clear error and injustice that would merit the extreme step of overturning the previous opinion. Plaintiff's reply is similarly little more than an attempt to relitigate whether the purported Plaintiffs are similarly situated.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion to reconsider will be denied. A separate order will follow.

                                                    /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge