## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTOPHER GRAHAM, on behalf of himself and all others similarly situated, | ) ) Civil Action No.: 1:19-cv-00486-DKC |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FAMOUS DAVES OF AMERICA, INC., and DOE DEFENDANTS 1-10, | ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
## OF CLASS AND COLLECTIVE ACTION SETTLEMENT, CERTIFICATION OF
## SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL,
## APPROVAL OF PROPOSED CLASS NOTICE, AND SCHEDULING OF A
## FINAL APPROVAL HEARING

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

BACKGROUND AND STATUS OF THE LITIGATION .................................................2

SUMMARY OF THE TERMS OF THE PROPOSED SETTLEMENT ..........................3

    A. The Proposed Settlement Classes ..........................................................................3

    B. The Proposed Class Notice ....................................................................................4

    C. Monetary Terms .....................................................................................................6

    D. Dismissal and Release of Claims ...........................................................................8

    E. Proposed Schedule Following Preliminary Approval ...........................................9

ARGUMENT ......................................................................................................................10

  I.  THE SETTLEMENT AGREEMENT SHOULD BE PRELIMINARILY APPROVED
      BY THE COURT ...................................................................................................10

    A.  LEGAL STANDARD FOR APPROVAL OF FLSA SETTLEMENTS .................11

    B.  STANDARDS FOR APPROVAL OF CLASS ACTION SETTLEMENTS ..........12

      1.  The Proposed Settlement is Fair ....................................................................13

        a.  The Proposed Settlement is the Product of Good Faith Bargaining at Arm's
           Length .........................................................................................................13

        b.  This Case is at an Appropriate Posture for Settlement ...............................14

        c.  Extensive and Sufficient Discovery Has Been Conducted ............................15

        d.  Plaintiff's Counsel is Qualified and Experienced in Similar Litigation .........15

        e.  Pertinent Circumstances Surrounding the Negotiations ...............................16

      2.  The Proposed Settlement is Adequate ............................................................16

        a.  The Relative Strength of Plaintiff's Claims .................................................17

        b.  Weaknesses in the Plaintiff's Case ..............................................................17

        c.  The Cost of Additional Litigation ................................................................18

        d.  Defendant's Ability to Pay a Judgment ........................................................18

        e.  There is no opposition to the settlement ......................................................19

    C.  THE PROPOSED SETTLEMENT PROVIDES SUBSTANTIAL BENEFIT TO
        THE CLASS ..........................................................................................................19

    D.  THE COURT SHOULD CERTIFY THE PROPOSED CLASS FOR
        SETTLEMENT PURPOSES ...................................................................................20

      1. Fed. R. Civ. P. 23(a) Requirements are Satisfied ............................................20

        a.  Rule 23(a)(1) – "Numerosity" ....................................................................21

        b.  Rule 23(a)(2) – "Commonality" ..................................................................21

        c.  Rule 23(a)(3) – "Typicality" .......................................................................22

        d.  Rule 23(a)(4) – "Adequacy" .......................................................................23

      2. The Proposed Settlement Class Should Be Certified Under Rule 23(b) ...................24

        a.  Predominance is Satisfied .............................................................................24

        b.  Superiority is Satisfied .................................................................................25

  II. THE PROPOSED SETTLEMENT NOTICE TO THE CLASS SHOULD BE
     APPROVED ...........................................................................................................26

  III. LYNCH CARPENTER, LLP and CONNOLLY WELLS & GRAY, LLP SHOULD BE
      APPOINTED AS CLASS COUNSEL TO THE SETTLEMENT CLASS .......................27

  IV. THE PROPOSED ATTORNEYS' FEES ARE REASONABLE ....................................27

CONCLUSION ...................................................................................................................29

# **TABLE OF AUTHORITIES**

Cases

*Acey v. HMS Host Corp.*,
No. 8:18-cv-1395-PX, 2021 WL 4846854 (D. Md. Oct. 18, 2021) .........................................18

*Acosta v. Mezcal, Inc.*,
No. 1:17-CV-00931, 2019 WL 2550660 (D. Md. June 20, 2019).............................................24

*Alloways v. Cruise Web, Inc.*,
No. 8:17-CV-02811, 2019 WL 1902813 (D. Md. Apr. 29, 2019).....................................25, 29

*Amchem Prods. Inc. v. Windsor*,
521 U.S. 591 (1997)..............................................................................................................32, 33

*Barnett v. W.T. Grant Co.*,
518 F.2d 543 (4th Cir. 1975) ......................................................................................................31

*Benway v. Resource Real Estate Servs., LLC*,
2011 WL 1045597 (D. Md. Mar. 16, 2011) ................................................................................17

*Berry v. Schulman*,
807 F.3d 600 (4th Cir. 2015) ................................................................................................20, 21

*Bottling Group, LLC*,
2012 WL 460468  (D. Md. Feb. 10, 2012) ..................................................................................35

*Boyd v. Coventry Health Care Inc.*,
299 F.R.D. 451 (D. Md. 2014)....................................................................................................29

*Broussard v. Meineke Discount Muffler Shops, Inc.*,
155 F.3d 331 (4th Cir.1998) .......................................................................................................30

*Cuthie v. Fleet Reserve Ass'n*,
743 F. Supp. 2d 486 (D.Md. October 18, 2010) .........................................................................32

*Deiter v. Microsoft Corp.*,
436 F.3d 461 (4th Cir. 2006) ................................................................................................29, 30

*Duprey v. Scotts Co. LLC*,
30 F. Supp. 3d 404 (D. Md. 2014)...............................................................................................18

*Edelen v. Am. Residential Servs., LLC*,
No. 8:11-CV-02744, 2013 WL 3816986 (D. Md. July 22, 2013) ........................................30, 34

*Fire & Police Retiree Health Care Fund, San Antonio v. Smith*,
No. 1:18-CV-03670, 2020 WL 6826549 (D. Md. Nov. 20, 2020) ...............................................35

*Goldenberg v. Marriott PLP Corp.*,
33 F.Supp.2d 434 (D. Md. 1998)................................................................................................35

*Grice v. PNC Mortg. Corp. of Am.*,
No. 8:97-CV-03084, 1998 WL 350581 (D. Md. May 21, 1998)...............................................21

*Hoffman v. First Student, Inc.*,
No. WDQ-06-1882, 2010 WL 1176641 ......................................................................................18

*In re Jiffy Lube Secs. Litig.*,
927 F.2d 155 (4th Cir. 1991) ................................................................................................20, 21

*In re Kirschner Med. Corp. Sec. Litig.*,
139 F.R.D. 74 (D. Md. 1991)......................................................................................................28

*In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod.*
    *Liab. Litig.*,
    952 F.3d 471 (4th Cir. 2020) ..................................................................................20, 22
*In re Mid-Atlantic Toyota Antitrust Litig.*,
    564 F. Supp. 1379 ...............................................................................................17, 20, 24
*In re Montgomery Cty. Real Est. Antitrust Litig.*,
    83 F.R.D. 305 (D. Md. 1979) ..................................................................................22
*In Re Royal Ahold N.V. Securities & ERISA*
    *Litigation*, No. 103-MD-01539,2006 WL 132080 (D. Md. Jan. 9, 2006) ...........................17
*In re Titanium Dioxide Antitrust Litig.*,
    No. 1:10-CV-00318, 2013 WL 5182093 (D. Md. Sept. 12, 2013)............................................20
*Kirkpatrick v. Cardinal Innovations Healthcare,*
    *Sols.*, 352 F. Supp. 3d 499 (M.D.N.C. 2018)..................................................................35
*Lienhart v. Dryvit Sys., Inc.*,
    255 F.3d 138 (4th Cir. 2001) ...................................................................................28
*Lynn's Food Stores, Inc. v. U.S.*,
    679 F.2d 1350 (11th Cir. 1982) ...............................................................................18
*Mendoza v. Mo's Fisherman Exchange, Inc.*,
    No. 1:15-CV-01427, 2016 WL 3440007 (D. Md. June 22, 2016)............................................32
*Mitchell-Tracey v. United Gen. Title Ins. Co.*,
    237 F.R.D. 551 (D. Md. 2006).................................................................................29, 31
*Peoples v. Wendover Funding, Inc.*,
    179 F.R.D. 492 (D. Md. 1998)..................................................................................29
*Prusin v. Canton's Pearls, LLC*,
    No. 1:16-CV-00605, 2017 2017 WL 5126156 (D. Md. Nov. 6, 2017) ....................................24
*Robinson v. Equifax Info. Servs., LLC*,
    560 F.3d 235 (4th Cir. 2009) ...................................................................................35
*Savani v. URS Prof'l Sols.LLC*,
    121 F.Supp.3d 564 (D.S.C. 2015)..............................................................................35
*Singleton v. Domino's Pizza, LLC*,
    976 F.Supp.2d 665 (D. Md. 2013)..........................................................................23, 28, 35
*Stanley v. Central Garden and Pet Corp.*,
    891 F.Supp.2d 757 (D. Md. 2012)..............................................................................28
*Starr v. Credible Behavioral Health, Inc.*,
    No. 20-2986 PJM, 2021 WL 2141542 (D. Md. May 26, 2021) ...............................................35
*Stillmock v. Weis Markets, Inc.*,
    385 Fed.Appx. 267 (4th Cir. 2010)............................................................................32
*Thorn v. Jefferson-Pilot Life Ins. Co.*,
    445 F.3d 311 (4th Cir. 2006) ...................................................................................28
*Wintjen v. Denny's, Inc.*,
    No. 2:19-CV-00069-CCW, 2021 WL 5370047 (W.D. Pa. Nov. 18, 2021) .............................22

Statutes
29 U.S.C. § 216(b).............................................................................................................9

<u>Rules</u>

Fed. R. Civ. P. 23 ...................................................................................................passim
Fed. R. Civ. P. 23(a) ..............................................................................2, 27, 28, 30
Fed. R. Civ. P. 23(c)(2)(B) ..................................................................................33
Fed. R. Civ. P. 23(e)(1)(B) ..................................................................................33
Fed. R. Civ. P. 23(e)(2) ........................................................................................17
Fed. R. Civ. P. 23(g) ......................................................................................22, 34
Fed. R. Civ. P. 23(g)(1) ........................................................................................34
Fed. R. Civ. P. 23(g)(3) ........................................................................................34
Rule 23(a)(1) ..................................................................................................2, 28
Rule 23(a)(2) ..................................................................................................2, 28
Rule 23(a)(3) ..................................................................................................2, 29
Rule 23(a)(4) ..................................................................................................2, 30
Rule 23(b) ..............................................................................................2, 27, 31
Rule 23(b)(3) ..............................................................................................31, 32
Rule 23(c)(3) ......................................................................................................33
Rule 23(e) of the Federal Rules of Civil Procedure ...............................19, 20
Other Authorities
H. Newberg & A. Conte, NEWBERG ON CLASS ACTIONS § 11.41 (4th ed. 2009) ..............19
Manual for Complex Litigation at § 21.62 ..........................................................19
Manual for Complex Litigation § 21.632-633 (4th ed. 2004) ...........................19

Plaintiff, by and through his undersigned counsel, submits this Memorandum of Law in support of his unopposed motion for preliminary approval of class and collective action settlement.

## **INTRODUCTION**

Plaintiff Christopher Graham ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned counsel, hereby respectfully moves the Court for preliminary approval of the proposed class and collective action settlement set forth in the Settlement Agreement ("Settlement Agreement" or "SA") (Attached as Exhibit 1 to the Declaration of Gerald D. Wells, III ("Wells Decl."). Plaintiff, with consent of Defendant Famous Dave's of America, Inc. ("Defendant" or "Named Defendant"), requests that the Court enter an Order (the "Preliminary Approval Order") that would:

1.      Grant preliminary approval of the proposed Settlement;

2.      Certify, for settlement purposes only and pursuant to the terms of the Settlement Agreement, the Settlement Class. As set forth in the Settlement Agreement, the Settlement Class consists of any current or former Tipped Employees from either the FLSA Class or the MD Class,[1] employed by Defendant within the State of Maryland who worked one or more hours during the period of time between February 19, 2016 through October 31, 2017.

3.      Approve the form and content of, and direct the distribution of the proposed Class Notice, annexed to the Settlement Agreement as Exhibit A;

4.      Appoint the law firms of Connolly Wells & Gray, LLP ("CWG") and Lynch Carpenter LLP ("LC") as Class Counsel for the Settlement Class; and

---

[1] Capitalized terms refer to defined terms in the Settlement Agreement

5.    Set a date for the Final Approval Hearing within 75-90 calendar days after entry of the date the Court enters a Preliminary Approval Order.

## BACKGROUND AND STATUS OF THE LITIGATION

On February 19, 2019, Christopher Graham filed this action on behalf of himself and all other similarly situated individuals against Famous Dave's of America, Inc. ("Famous Dave's" or "Defendant"). (ECF No. 1). Mr. Graham asserted claims under the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law, ("MWHL"), the Maryland Wage Payment and Collection Law ("MWPCL") and Maryland common law by, among other things, failing to satisfy the notice requirements of the tip credit provisions of these wage and hour laws. Famous Dave's filed its Answer to Plaintiff's Complaint on April 1, 2019. (ECF No. 8).

After completing initial discovery, including conducting a Rule 30(b)(6) deposition, Plaintiff brought a Motion to Certify Class Pursuant to Fed. R. Civ. P. 23 and to Conditionally Certify Class Pursuant to 29 U.S.C. § 216(b) (ECF No. 26) and a Motion for Partial Summary Judgment (ECF No. 34) in September 2019. On September 23, 2020 the Court certified Plaintiff's Maryland state claims pursuant to Fed. R. Civ. P. 23, and partially certified Plaintiff's FLSA claims, granting conditional certification of a class of Defendant's Maryland Tipped Employees. (ECF No. 63). After the completion of the opt-in period, the parties engaged in preliminary discussions regarding a potential settlement.   Accordingly, on March 19, 2021 the parties requested, and the Court granted, a stay in the litigation to allow the parties to engage in more fulsome settlement discussions. (ECF Nos. 100-101).

On May 12, 2021, the Parties participated in a full-day mediation with Retired Chief Judge Legg of the District of Maryland, an experienced judicial officer who is recognized in mediating wage and hour claims and other complex class actions. Wells Decl. at ¶ 24. While the initial session

2

did not result in the parties reaching a settlement, the parties, with the assistance of Judge Legg, continued their discussions. Approximately one week after the mediation, an accord was reached with the assistance of Judge Legg that allowed the parties to reach an agreement which was ultimately formalized in the Settlement Agreement being presented to the Court. *Id.* at ¶ 26. Indeed, it took several months of additional negotiations, including a follow-up call with Judge Legg, before all the material terms of the settlement were agreed upon. *Id.* at ¶ 29.

Based upon their independent analysis and recognizing the risks of continued litigation and due to the declining financial condition of the restaurant industry in general, Class Counsel believes that the Settlement with Defendant, the terms of which are detailed in the Settlement Agreement, is fair, adequate, reasonable, and in the best interest of Plaintiff and Settlement Class members, in light of all known facts and circumstances. Although Defendant denies liability, it likewise agrees that the Settlement is in the parties' best interests.   For those reasons, and because an effective release is contingent on Court approval, the parties submit their Settlement Agreement to this Court for its review.

## SUMMARY OF THE TERMS OF THE PROPOSED SETTLEMENT

The key components of the Settlement are set forth below, and a complete description of the terms and conditions of the Settlement are contained in the Settlement Agreement and contemporaneous documents.

### A.  The Proposed Settlement Classes

Through the Settlement Agreement, the Parties stipulate to certification of the Settlement Class.  The Settlement Class is comprised of two subclasses:

The FLSA Class defined as:

Any current or former Tipped Employees who elect to opt-in to the Litigation who were employed by Defendant at a Famous Dave's restaurant

3

in Maryland at any time between February 19, 2016 through October 31, 2017 to which Defendant did not pay the full federal minimum wage because it claimed a tip credit for that employee pursuant to Section 203(m) of the FLSA.[2]

The MD Class defined as:

Any current or former Tipped Employees who were employed by Defendant at a Famous Dave's restaurant in Maryland at any time between February 19, 2016 through October 31, 2017 to which Defendant did not pay the full state minimum wage because it claimed a tip credit for that employee pursuant to applicable state laws, including the MWHL. Excluded from this class are all Tipped Employees who submit a timely and valid Request for Exclusion

Should the Court grant final approval of the Settlement, by operation of law and as set forth in the Section 5.1(A)(2) of the Settlement Agreement, members of the MD Class who elect to become Participating FLSA Class Members shall be deemed to have released any and all federal wage-related claims asserted in the Complaint. Should a member of the MD Class who has not previously submitted a Consent to Sue Form not submit a Claim Form, nor submit a Request for Exclusion, that individual shall only release their applicable Maryland state wage claims.

**B.  The Proposed Class Notice**

The Settlement Agreement provides for dissemination of a Class Notice. SA § 2.6. The Class Notice will provide Settlement Class Members with all pertinent information regarding the Settlement as well as the contact information for Class Counsel. SA § 4.7 and Exhibit A.

No more than ten days after the Court enters the Preliminary Approval Order, Defendant shall provide the Claims Administrator with a list of all the Class Members (the "Class List") in electronic form, containing the following information for Plaintiff and for each Class Member: name, last known address, Social Security Number, actual hourly rate of pay paid by Defendant

---

[2] Included in the FLSA Class are those Tipped Employees who previously submitted a Consent to Sue Form and have already opted-in to the Litigation.

4

(the "cash wage" paid pursuant to Section 203(m)), number of hours recorded in Defendant's timekeeping system, the dates employed by Defendant at any time during the Class Period, and the paystubs for each Tipped Employee during the Class Period.  SA § 4.5.

No more than fourteen days after receiving the Class List, the Claims Administrator will mail the Notice Packet via First Class Mail to each Class Member. SA § 4.7(A). The Notice Packet shall include the Class Notice in the form attached as **Exhibit A** ("Ex. A") to the Settlement Agreement.  The Class Notice shall, *inter alia,*; (i) provide estimated settlement payment amounts to the Class Members; (ii) inform Class Members how payments will be calculated and who will be entitled to receive a payment of monies under this Settlement; and (iii) advise the Class Member whether Defendant's records indicate their potential settlement payment is subject to any required deductions. SA § 4.7(A). Within three days after the Claims Administrator effectuates mailing of the Notice Packet, the Claims Administrator will also email a pdf copy of the Class Notice to any Class Member for which Defendant provided that Class Member's last known email address. SA § 4.7(C). The email shall also include a statement that the full Notice Packet has been mailed to the individual's last known address. *Id.*

Upon mailing of the Notice Packet, the Claims Administrator shall establish a settlement website, which will include the Class Notice, along with other documents related to the Action, including the Settlement Agreement with all of its Exhibits. SA § 4.7(F). The proposed Class Notice describes in plain English: (i) the terms and operations of the Settlement; (ii) the nature and extent of the release of claims; (iii) the maximum attorneys' fees and Service Payment for Plaintiff; (iv) the procedure and timing for objecting to the Settlement; (v) the form and method by which a Class Member may exclude themselves from the Settlement; and (vi) the date and place for the Final Approval Hearing. Ex. A.

### C.  Monetary Terms

The proposed "Settlement Amount" consists of cash in the amount of Nine Hundred Ninety-Five Thousand U.S. Dollars and No Cents ($995,000.00). SA § 2.41. In accordance with the Settlement Agreement, the Claims Administrator shall make deductions from the Settlement Amount for court-approved attorneys' fees and reasonable litigation costs, fees and expenses for the Claims Administrator, and court-approved Service Payment for the Plaintiff, in recognition of the risks and benefits of his participation and substantial services performed. SA § 4.6(A)(1).

Should the Court grant final approval of the Settlement, Participating FLSA Class Members and MD Class Members shall receive their portion of the Settlement by check, mailed to their last known address by the Claims Administrator within fifteen days after the Final Effective Date. SA § 4.11(B). For Participating FLSA Class Members - those individuals that either previously submitted a Consent to Sue form or now submit a valid Claim Form - the Parties agree that each Settlement Payment to be issued will be separated into three equal payments (to the maximum extent possible): (i) one-third will be allocated to the claims asserted in the Action for alleged unpaid wages and other alleged wage-related claims under the FLSA; (ii) one-third will be allocated to the claims asserted in the Action for alleged unpaid wages and other alleged wage-related claims under Maryland wage and hour laws, and (iii) one third will be allocated to the claims asserted in the Action for alleged liquidated damages, penalties, interest, and other relief. SA § 4.11(C). Each check sent to a Participating FLSA Class Member will clearly identify whether it is a check for (i) wages or (ii) liquidated damages/other relief. *Id.*

For MD Class Members who did not elect to become a Participating FLSA Class Member, the Parties agree that such individuals will only receive two equal payments (with the amount that would comprise their third payment, representing their FLSA claims, being redistributed to

Participating FLSA Class Members). SA § 4.11(D). The payments will be allocated as follows: (i) one-half will be allocated to the claims asserted in the Action for alleged unpaid wages and other alleged wage-related claims under Maryland wage and hour laws, and (ii) one-half will be allocated to the claims asserted in the Action for alleged liquidated damages, penalties, interest, and other relief. *Id*. Each check sent to a MD Class Member will clearly identify whether it is a check for (i) wages, or (ii) liquidated damages/other relief. *Id*.

The Claims Administrator will calculate the Estimated Settlement Payment to be included in the Notice Packet in four steps: (1) The anticipated amount of attorneys' fees to be requested, plus estimated expenses of Class Counsel, the maximum Service Payment sought for the Plaintiff, and the estimated fees and expenses of the Claims Administrator shall be deducted from the Settlement Amount (the resulting number will be referred to as the "Estimated Net Settlement Amount"); (2) For each Tipped Employee, the Claims Administrator will total the amount of tip credit taken by Defendant for all hours worked as a Tipped Employee during the Class Period (this number will be referred to as the "Estimated Individual Settlement Amount"); (3) The Estimated Individual Settlement Amounts for all Tipped Employees will then be added together by the Claims Administrator to determine the "Class Members' Total Damages Amount;" (4) The Estimated Net Settlement Amount will then be divided by the Class Members' Total Damages Amount; and (5) The Claims Administrator will then multiply the resulting fractional amount by a Class Member's Individual Damages Amount to determine that Tipped Employee's Estimated Settlement Payment. *See* SA § 4.6(A)(1-5). Upon receipt of the Notice Packet, any Class Member who wishes to challenge the calculation of his or her Estimated Settlement Payment must submit a written, signed declaration to the Claims Administrator, for receipt by the Claims Administrator on or before the Bar Date, which shall be at least forty-five days after the mailing of the Notice

Packet. SA § 4.6(A)(8).  The Claims Administrator will resolve the challenge and make a final and binding determination without hearing or right of appeal. *Id.*

In accordance with the Settlement Agreement, Class Counsel will seek the Court's approval for payment of a Service Payment to the Plaintiff in an amount not to exceed five thousand U.S. dollars ($5,000.00). SA § 4.15(A). Any amounts not awarded by the Court as a Service Payment shall be redistributed to the Net Settlement Amount. *Id.*

Participating Settlement Class Members shall have 180 days to negotiate their settlement check and the deadline, along with the applicable release, will be included on the back of the check as well as in the cover letter sent with the check.  SA  § 4.11(E)(1).  Any unclaimed funds resulting from the voiding of Settlement Checks after 180-days, shall be part of a *Cy Pres* Distribution. SA § 4.12.  Notwithstanding the fact that there may be a *Cy Pres* Distribution, Participating Settlement Class Members with voided checks whose funds become part of the *Cy Pres* Distribution will have irrevocably waived any right in or claim to a Settlement Payment, but the Settlement Agreement and all releases relating to their Released Claims will nevertheless be binding upon them. SA § 4.12(B).

### D.  Dismissal and Release of Claims

Upon the Final Effective Date, MD Class Members shall be deemed to have forever released any and all Maryland wage-related claims against Defendant, from February 19, 2016 through October 31, 2017. SA § 5.1(A)(1). Class Members that are also Participating FLSA Class Members shall be deemed to have forever released any and all federal wage-related claims from February 19, 2016 to October 31, 2017, that are in any way related to the facts or claims in this Action, or involved in this Settlement. SA § 5.1(A)(2). Plaintiff releases all claims asserted in this action, including claims that may be asserted in an individual capacity. SA § 5.1(A)(3).

### E.  Proposed Schedule Following Preliminary Approval

| EVENT | TIMING |
|---|---|
| **Mailing of Class Notices** | No more than 24 calendar days after the Preliminary Approval Order is entered.<br><br>Defendant will provide Claims Administrator with Class Information, as set forth in SA § 4.5 of the Settlement Agreement, no more than ten (10) calendar days after the Court enters the Preliminary Approval Order.<br><br>As set forth in SA § 4.7(A) of the Settlement Agreement, the Claims Administrator will mail the Notice Packet within fourteen (14) calendar days of receiving the class list.<br><br>As set forth in SA § 4.7(C) of the Settlement Agreement, within three days after the Claims Administrator effectuates mailing of the Notice Packet, the Claims Administrator will also email a pdf copy of the Class Notice to any Class Member for which Defendant provided that Class Member's last known email address. The email shall also include a statement that the full Notice Packet has been mailed to the individual's last known address.<br><br>As set forth in SA § 4.7(D) of the Settlement Agreement, fifteen (15) days before the Bar Date, the Claims Administrator shall either text or mail a reminder post card, whichever is more efficient, to any Class Member who has not yet submitted a Claim Form. |
| **Deadline for Filing Objections to the Settlement** | By the Bar Date (at least 45 days after mailing of the Notice Packet, *see* SA § 2.2). |
| **Deadline for Submitting Requests for Exclusion from the Settlement** | By Bar Date (SA §4.9(A)). |

9

| Final Approval Hearing | Within seventy-five (75) to ninety (90) days after entry of the Preliminary Approval Order. SA § 4.3. |
|---|---|

## ARGUMENT

**I.**  **THE SETTLEMENT AGREEMENT SHOULD BE PRELIMINARILY APPROVED BY THE COURT**

Federal courts must approve class action settlements and ensure that settlement class members receive sufficient notice of the settlement and that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Preliminary approval is granted when a proposed settlement is "within the range of possible approval," *Benway v. Resource Real Estate Servs., LLC*, 2011 WL 1045597, *4 (D. Md. Mar. 16, 2011), and the "principal legal effect of [an order grant preliminary approval] is to allow notice to issue to the potential beneficiaries of the Settlement," *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1381 (D. Md. 1983). Moreover, in determining whether a settlement warrants preliminary approval, a court does not conduct a "definitive proceeding on the fairness of the proposed settlement" and "must be careful to make clear that the determination permitting notice to members of the class is not a finding that the settlement is fair, reasonable and adequate." *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. at 1384; *see also In Re Royal Ahold N.V. Securities & ERISA Litigation*, No. 103-MD-01539, 2006 WL 132080 at *19 (D. Md. Jan. 9, 2006) (granting preliminary approval where Settlement "appear[ed] on its face to be fair. . . and to fall well within the range of possible final approval.").

As set forth below, preliminary approval of this proposed Settlement is appropriate as it satisfies all criteria for preliminary approval. Accordingly, Plaintiffs request that the Court grant the requested relief.

### A.     LEGAL STANDARD FOR APPROVAL OF FLSA SETTLEMENTS

The standard for approval of an FLSA collective action requires only a determination that the compromise reached "reflects a reasonable compromise of disputed issues, rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982))(internal quotations omitted).

"Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlement, 'district courts in this Circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*.'" *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014) (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641 at*2 (D. Md. Mar. 23, 2010).   Under *Lynn's Food Stores*, a district court may find that a proposed settlement agreement resolves a bona fide dispute when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

 To determine if a settlement agreement is reasonable and fair, "courts generally proceed in two steps, first considering 1) whether FLSA issues are actually in dispute, and 2) the fairness and reasonableness of the settlement. *Acey v. HMS Host Corp.*, No. 8:18-cv-1395-PX, 2021 WL 4846854 at *2 (D. Md. Oct. 18, 2021).   These standards are "likely satisfied where there is an 'assurance of an adversarial context;' and the plaintiffs are "represented by an attorney who can protect'" their rights under the statute. *Id.* (quoting *Lynn's Food Stores, Inc.,* 679 F.2d at 1354).

The Settlement Agreement resolves a bona fide dispute, as Defendants filed an Answer to Plaintiff's Complaint denying Plaintiff's claims for unpaid wages, and also filed motions in opposition to Plaintiff's requests for conditional certification (ECF No. 37) and for partial

summary judgment. (ECF No. 44).  Moreover, the Settlement Agreement contains no provisions that would be contrary to the purposes of the FLSA or frustrate the implementation of the FLSA in the workplace. Indeed, the settlement furthers the purposes of the FLSA by providing Participating Settlement Class Members with substantial recovery for their unpaid wages, that, because of the lack of bargaining power inherent in employer-employee relationships, they may have otherwise been unable to recover. Lastly, proposed Class Counsel are qualified and experienced in litigation of FLSA disputes and complex class actions, such that they are more than able to protect the interests of Plaintiff and the Settlement Class. Wells Decl. at ¶¶ 62-72. Because the settlement facilitates the FLSA and is a fair and reasonable resolution of a bona fide dispute, it should be approved as reasonable.

### B.    STANDARDS FOR APPROVAL OF CLASS ACTION SETTLEMENTS

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for the settlement of class actions. When a proposed class settlement is reached, it must be submitted to the Court for approval.  H. Newberg & A. Conte, NEWBERG ON CLASS ACTIONS § 11.41 (4th ed. 2009) ("NEWBERG"). Preliminary approval is the first of three steps comprising the approval process for settlement of a class action. The second step is the dissemination of notice of the settlement to all class members. Finally, there is a settlement approval or final fairness hearing. *See* Manual for Complex Litigation § 21.632-633 (4th ed. 2004).

The question presented on a motion for preliminary approval of a proposed class action settlement is whether the proposed settlement appears fair and reasonable.  Manual for Complex Litigation at § 21.62. The Fourth Circuit has developed multifactor tests (which significantly overlap with the factors considered in Rule 23(e)) to ascertain both the "fairness" and the

"adequacy"[3] of proposed class action settlements.  As to fairness, the additional factors are: (1) whether the proposed settlement is the product of good faith bargaining at arm's length; (2) the posture of the case at settlement; (3) the extent and sufficiency of discovery conducted; (4) counsel's experience with similar litigation and their relevant qualifications; and (5) any pertinent circumstances surrounding the negotiations. *See In re Titanium Dioxide Antitrust Litig*., No. 1:10-CV-00318, 2013 WL 5182093, at *3 (D. Md. Sept. 12, 2013) (citing *In re Mid-Atl. Toyota Antitrust Litig*., 564 F. Supp. 1379, 1383-85 (D. Md. 1983)). As to adequacy, the additional factors are: (1) the relative strength of the plaintiff's claims; (2) weaknesses in the plaintiff's case, including proof-related obstacles or particularly strong defenses; (3) the cost of additional litigation; (4) defendants' ability to pay a judgment; and (5) any opposition to the settlement. *Id.* at *4.

### 1.    The Proposed Settlement is Fair

#### a.  The Proposed Settlement is the Product of Good Faith Bargaining at Arm's Length

The purpose of the fairness analysis is to ensure that the settlement agreement is the "result of good-faith bargaining at arm's length, without collusion."  *Berry v. Schulman*, 807 F.3d 600, 614 (4th Cir. 2015) (citing *In re Jiffy Lube Secs. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991).   Good faith bargaining will be found where counsel for the parties "have performed in a professional manner," and the settlement "contains favorable results for both parties, but at the same time, reflects mutual concessions."  *Grice v. PNC Mortg. Corp. of Am.*, No. 8:97-CV-03084, 1998 WL 350581, at *6 (D. Md. May 21, 1998).

---

[3]  The Fourth Circuit has not adopted a test, nor enumerated factors for assessing the "reasonableness" of a proposed settlement.  *In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 952 F.3d 471, 484 (4th Cir. 2020).

In the case at bar, there is no evidence of fraud or collusion occurring between counsel. The parties were vigorously represented by counsel in adversarial litigation. Moreover, the proposed settlement is the result of protracted arm's-length negotiations, including a mediation conference with Hon. Judge Legg.  Further, as noted above, even after the settlement in principle was reached, it took months of additional negotiations, including subsequent calls with Judge Legg before all the terms of the proposed settlement were finalized. The participation of Judge Legg insured that the settlement negotiations were conducted at arm's length and without collusion between the Parties.  Accordingly, this factor favors approval.

### b.  This Case is at an Appropriate Posture for Settlement

For a settlement agreement to meet the fairness standard, the case must have been sufficiently litigated, and not premature so as to evidence collusion between party counsel. As noted above, the parties have engaged in significant discovery and fully briefed several issues. In addition, the parties engaged in substantial motion practice, including Plaintiff's Motion for Partial Summary Judgment and Motions for Conditional Certification and Class Certification – each of which was vigorously opposed by Defendant. Thereafter, the parties participated in a contested mediation session with Judge Legg, and, ultimately, it with Judge Legg's assistance that the parties were able to reach an accord as memorialized in the present Settlement. This factor weighs in favor of approval. *See, e.g.*, *Berry v. Schulman*, 807 F.3d 600, 614 (4th Cir. 2015) (concluding that settlement was fair where "extensive discovery" had been conducted by time of settlement); *In re Jiffy Lube Secs. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991) (upholding determination that settlement was fair, where parties had engaged in informal discovery, and made substantive concessions on both sides during negotiations).

14

### c.  Extensive and Sufficient Discovery Has Been Conducted

Preliminary approval is appropriate where discovery has been, at least partially completed, such that all parties understand "the facts of the case on the merits." *In re Montgomery Cty. Real Est. Antitrust Litig.,* 83 F.R.D. 305, 315 (D. Md. 1979); *see also In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.,* 952 F.3d 471, 484 (4th Cir. 2020) (upholding fairness determination because by the time of settlement, formal discovery, including depositions of thirteen witnesses and reviewing "vast quantities of documents," had been completed).  As explained under section b, *supra*, extensive discovery has been conducted prior to the proposed settlement of this litigation, including the deposition of the Plaintiff and a multi-day deposition of Defendant's 30(b)(6) corporate designee. This factor also weighs in favor of approval.

### d.  Plaintiff's Counsel is Qualified and Experienced in Similar Litigation

Fed. R. Civ. P. 23(g) requires the Court to examine the capabilities and resources of counsel to determine whether they will provide adequate representation to the class. Class Counsel – Connolly Wells & Gray, LLP, and Lynch Carpenter LLP – easily meet the requirements of Rule 23(g). As detailed in the Wells Decl., Plaintiff is represented by counsel experienced in class action litigation including directly analogous cases.  Indeed, Plaintiff's attorneys have extensive experience in wage and hour litigation, including litigation involving tip credit notification. Wells Decl., ¶¶ 62-72. Moreover, Plaintiff's counsel was recently named Class Counsel in a substantially similar case involving tip credit notification, *Wintjen v. Denny's, Inc*., No. 2:19-CV-00069-CCW, 2021 WL 5370047 at 10-11 (W.D. Pa. Nov. 18, 2021)(noting Plaintiff's counsel has "has ably represented classes of plaintiffs in other wage and hour lawsuits")  Class counsel was also recently appointed class counsel for two settlement classes, *Sudano v. Texas Roadhouse Investments of*

15

*Beaver PA, LLC at al*, 2:19-cv-00064 (W.D. Pa) and *Vider v. LMT Real Estate, LLC et al*, 2:19-cv-02066 (E.D. Pa). Importantly, this Court has already found that Plaintiff's counsel met the requirements of 23(g). (ECF No. 63). As such, this Court should not hesitate in appointing Connolly Wells & Gray, LLP, and Lynch Carpenter LLP as Class Counsel for the Settlement Class.

### e.  Pertinent Circumstances Surrounding the Negotiations

A settlement agreement is fair if the circumstances of the negotiations are such that all parties have "a clear view of the strengths and weaknesses of their respective positions, and sufficient information about the claims and defenses" at the time they begin negotiations. *Singleton v. Domino's Pizza, LLC,* 976 F.Supp.2d 665, 679 (D. Md. 2013) (emphasizing that the settlement was negotiated in mediation after briefing on a motion to dismiss).

Class Counsel have developed a comprehensive understanding of the merits of the case through our work on the Action. Indeed, the parties only began fulsome settlement negotiations after extensive discovery and full briefing on Plaintiff's motions for partial summary judgment and certification. When Class Counsel agreed to the proposed Settlement, they had sufficient information about the strengths and weaknesses of the claims and defenses in order to make a reasoned judgment about the desirability of settling the case the terms proposed. Moreover, the participation of Judge Legg ensured that the settlement negotiations were conducted at arm's length and without collusion between the parties.

### 2.  The Proposed Settlement is Adequate

Under the second prong of the analysis, courts within the Fourth Circuit must "weigh the likelihood of the plaintiff's recovery on the merits against the amount offered in settlement" to

determine whether the proposed settlement is adequate.  *In re Mid-Atl. Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1384 (D. Md. 1983).

### a.   The Relative Strength of Plaintiff's Claims

Plaintiff has strong arguments in his favor were this case to go forward. It is black letter law that it is the employer's obligation to demonstrate the propriety of claiming a tip credit against employees' wages. *See, e.g., Acosta v. Mezcal, Inc*., No. 1:17-CV-00931, 2019 WL 2550660, *7 (D. Md. June 20, 2019) (collecting cases and finding "the employer bears the burden of demonstrating eligibility" to claim tip credit). Failure to do so means the employees are entitled to the full minimum wage, irrespective of the amount of tips they received.  *Id.* (failure to comply with notification requirement "renders an employer ineligible to claim the credit, 'even if the employee received tips at least equivalent to the minimum wage'")(*quoting Prusin v. Canton's Pearls, LLC*, No. 1:16-CV-00605, 2017 2017 WL 5126156, *3 (D. Md. Nov. 6, 2017)).

This factor weighs in favor approval.

### b.   Weaknesses in the Plaintiff's Case

As with most litigation, there are uncertainties and risks for Plaintiff going to trial in this Action. Plaintiff may have difficulties proving Defendant did not provide adequate tip credit notification to each of its Tipped Employees during the Class Period. This Court's denial of Plaintiff's Motions for Partial Summary Judgment point to some of the potential weaknesses in Plaintiff's case and/or the strength of Famous Dave's defenses. Plaintiff would also run the risk of the Court decertifying either the FLSA Class or the MD Class.  Defendant also raised the defense that it should not be required to forfeit the entire tip credit claimed, but only difference between what they claimed and what they informed their employees they would claim for the tip credit.

While Plaintiff believes this defense is without merit, if successful, it would have a substantial impact on the damages available to Plaintiff and the putative class.

Accordingly, this factor weighs in favor of approval of the Settlement Agreement.

### c.   The Cost of Additional Litigation

If preliminary approval is not granted, the parties anticipate continuing discovery, including depositions and continued motion practice prior to preparing for trial.   Plaintiff anticipates that Defendant will move for decertification of the FLSA Class and seek discovery upon the individuals of the FLSA Class, and Plaintiff will seek to depose the managers of those opt-ins. Wells Decl. at ¶ 46. Following the additional discovery and motion practice, the parties will move forward with a trial that could entail the hiring of an expert and continued motion practice. This additional discovery, motion practice, and trial would involve thousands, if not hundreds of thousands, of additional attorneys' fees incurred by the parties. *See, e.g.*, *Alloways v. Cruise Web, Inc.*, No. 8:17-CV-02811, 2019 WL 1902813, at *10 (D. Md. Apr. 29, 2019) (noting the significant legal costs that would be incurred where the parties "would have to engage in motion practice concerning final class certification, formal discovery, and dispositive motions, not to mention trial."). Accordingly, this fact weighs in favor of settlement.

### d.   Defendant's Ability to Pay a Judgment

Defendant, like many restaurants, was significantly impacted by the Covid-19 pandemic. Two years since the origins of the pandemic, the restaurant industry is still facing difficult operating conditions. Due to these difficult operating conditions, and the increased legal costs that would be incurred should this matter proceed to trial, there is no guarantee that Defendant would have greater resources to pay a significantly higher amount. The current state of the restaurant industry was factor weighed by Plaintiff in reaching this Settlement. Based on Plaintiff's Counsel's

experience in litigating analogous cases against similar restaurants and given the effects of the COVID-19 pandemic, the restaurant industry is still facing challenging times. Accordingly, this fact weighs in favor of settlement.

### e. **There is no opposition to the settlement**

Since Class Notice has not been disseminated yet, the Settlement Class has not had the opportunity to opine on the Settlement. Class Counsel will further address this factor at the Final Approval Hearing.  However, 25 individuals have already opted-in to the action, agreeing to have Plaintiff serve as their representative, and Plaintiff is in favor of the Settlement. Wells Decl., ¶ 48. Therefore, this factor weighs in favor of approval.

## C. **THE PROPOSED SETTLEMENT PROVIDES SUBSTANTIAL BENEFIT TO THE CLASS**

In the instant Settlement, Defendant has agreed to pay a Settlement Amount of $995,000, out of which Participating Settlement Class Members will be paid based on the number of hours worked during the Class Period. SA §§ 2.41, 4.6(B). The precise amount will be determined once all Court awarded fees and expenses are deducted. SA § 4.6(B)(1). As described above, each Participating Settlement Class Member will receive a portion of the Settlement Amount based on the amount of alleged damages they specifically incurred (*e.g.*, the number of hours they worked). Thus, the more hours an individual Participating Settlement Class Member worked, relative to his or her colleagues, the greater his or her share of the Settlement's proceeds.

Further, the Settlement does not unduly grant preferential treatment to the Plaintiff.  He is instead offered, subject to the Court's approval, a reasonable Service Payment that recognizes the added contribution he made to the prosecution of the litigation, including the burden and risks associated with bringing this action publicly as well as the time he expended on behalf of the class (*e.g.*, meetings with Plaintiff's Counsel, assumption of risks, serving as a class representative,

assisting with discovery, sitting for his deposition, and helping counsel prepare for mediation). Wells Decl. at ¶¶ 92-93.  Because of his individual efforts, Participating Settlement Class Members will receive significant benefits from the Settlement. The Parties have agreed that Plaintiff's counsel will petition the Court for a Service Payment to Plaintiff Christopher Graham not in excess of $5,000.  Defendants have agreed not to object to this request. Importantly, this Service Payment request is fully disclosed in the Class Notice and the Settlement Class Members will have the opportunity to opine on this request if they should choose.

### D. THE COURT SHOULD CERTIFY THE PROPOSED CLASS FOR SETTLEMENT PURPOSES

Plaintiff requests that the Court certify the following proposed class for settlement purposes only, pursuant to the Settlement Agreement: all current and former Tipped Employees who worked one or more hours for Defendant between February 19, 2016 through October 31, 2017, and did not timely request exclusion from the Settlement prior to the Bar Date. In seeking certification under Federal Rule of Civil Procedure 23, Plaintiff must satisfy the four elements of Rule 23(a), and one or more of the requirements of Rule 23(b). As set forth below, Plaintiff clearly traverses this threshold.

#### 1. Fed. R. Civ. P. 23(a) Requirements are Satisfied

In order to certify a class under Rule 23, a named plaintiff must establish that the class meets each of the four requirements of subsection (a) of the Rule which provides:

> One or more members of a class may sue or be sued as representatives parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R CIV. P. 23(a); *see also Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 318 (4th Cir. 2006).   Here, all four elements are satisfied for purposes of certifying the proposed settlement class.

### a) Rule 23(a)(1) – "Numerosity"

The proposed Settlement Class is sufficiently numerous. Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."   FED. R CIV. P. 23. Importantly, "there is no precise threshold for determining numerosity," nor must the [plaintiffs] allege the exact number or identity of the class members.  *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 674 (D. Md. 2013).  *See also, Stanley v. Central Garden and Pet Corp.*, 891 F.Supp.2d 757, 770 (D. Md. 2012) (Holding that "[c]lasses of as few as 25 to 30 have been found to raise[ ] the presumption that joinder would be impracticable") (internal quotations omitted); *In re Kirschner Med. Corp. Sec. Litig.,* 139 F.R.D. 74, 78 (D. Md. 1991) (observing that a class size of 25 to 30 members raises a presumption that the numerosity requirement is met).  Here, the number of Class Members in the proposed Settlement Class consists of well over 650 individuals. Wells Decl. at ¶ 54.  The numerosity requirement is therefore satisfied.

### b) Rule 23(a)(2) – "Commonality"

A finding of commonality does not require that all class members share identical claims as long as there are common, dispositive questions that largely over-shadow other issues.  *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001); *Singleton v. Domino's Pizza, LLC,* 976 F.Supp.2d 665, 675 (D. Md. 2013) (holding that "[f]actual differences among class members will not necessarily preclude certification if the class members share the same legal theory") (quoting *Stanley v. Central Garden and Pet Corp.,* 891 F.Supp.2d 757, 770 (D. Md. 2012).  .

Here, commonality exists because the Settlement Class Members' claims are predicated on core common issues: (i) whether Defendants failed to satisfy the notice requirements of the tip credit; (ii) whether Defendants failed to ensure Tipped Employees earned the mandated minimum wage when taking the tip credit; and (iii) whether Defendants paid Plaintiff and other Tipped Employees the tipped wage even when there was no hope that these employees could earn tips. As such, the Settlement Class raises common questions of law and fact "capable of classwide resolution." *Alloways v. Cruise Web, Inc.,* No. 8:17-CV-02811, 2019 WL 1902813 at *7 (D. Md. Apr. 29, 2019). Moreover, Defendant, in connection with and for the purpose of this Settlement only, have agreed to certification of the proposed Settlement Class.

### c) Rule 23(a)(3) – "Typicality"

Rule 23(a)(3) requires that a representative plaintiff's claims be "typical" of those of other class members. FED. R CIV. P. 23. Whereas commonality evaluates the sufficiency of the class, typicality judges the sufficiency of the named plaintiffs as representatives of the class. *Deiter v. Microsoft Corp.,* 436 F.3d 461, 466-67 (4th Cir. 2006). The plaintiff's claims need not be identical or perfectly aligned with the claims of class members, so long any variation between the claims does not "strike at the heart of the respective causes of action." *Id.*

A plaintiff's claim is typical of class claims if it arises from the same course of conduct that led to the class claims and is based on same underlying legal theories. *Mitchell-Tracey v. United Gen. Title Ins. Co.*, 237 F.R.D. 551, 558 (D. Md. 2006). *See also Boyd v. Coventry Health Care Inc.,* 299 F.R.D. 451, 458-59 (D. Md. 2014) (holding that named plaintiffs' claims were typical of class claims as they involved the defendant's same "unified practice," and the named plaintiffs and class members both seek equitable relief."); *Peoples v. Wendover Funding, Inc.*, 179

F.R.D. 492, 498 (D. Md. 1998) (holding typicality requirement is satisfied where plaintiffs alleged that Defendant's actions as to each member of the class violated the same federal statute).

Typicality is demonstrated where a plaintiff can show that his "interest in prosecuting his own case...simultaneously [advances] the interests of the absent class members." *Deiter v. Microsoft Corp.,* 436 F.3d 461, 466 (D. Md. 2006). The crux of the typicality requirement is captured by the notion that "as goes the claim of the named plaintiff, so go the claims of the class." *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir.1998). As one district court in this Circuit aptly noted in granting class certification pursuant to a MWHL claim for unpaid overtime, factual differences between the damages claimed by the named plaintiff and the class members did not defeat typicality, since "the legality of the overtime calculation policy itself is at the heart of [named plaintiff's] MWHL claim." *Edelen v. Am. Residential Servs., LLC*, No. 8:11-CV-02744, 2013 WL 3816986, at *6 (D. Md. July 22, 2013).

Here, Plaintiff's claims arose from a common course of conduct by Defendant of allegedly (i) failing to satisfy the notice requirements of the tip credit; (ii) failing to ensure Tipped Employees earned the mandated minimum wage when taking the tip credit; and (iii) impermissibly paying Plaintiff and other Tipped Employees the tipped wage even when there was no hope that these employees could earn tips. As such, the Plaintiff's claims are typical of the claims of members of the proposed settlement class.

### d) Rule 23(a)(4) – "Adequacy"

The final requirement of Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." FED. R CIV. P. 23. To assess adequacy, courts within the Fourth Circuit focus on whether (1) the named plaintiff's interests are not antagonistic to those of other class members, and (2) plaintiff's attorneys are competent, qualified, and

experienced.  *See Mitchell–Tracey v. United Gen. Title Ins. Co.*, 237 F.R.D. 551, 558 (D. Md. 2006); *Barnett v. W.T. Grant Co.,* 518 F.2d 543 (4th Cir. 1975).

 Here, Plaintiff satisfies both prongs and adequacy is readily met.  First, Plaintiff has no interests adverse or "antagonistic" to absent Settlement Class Members.  Mr. Graham seeks to hold Defendant accountable for, among other things, allegedly failing to pay its Tipped Employees mandated minimum wages for all hours worked.  Further, Plaintiff has demonstrated his allegiance and commitment to this litigation by assisting with discovery, sitting for deposition, and helping counsel prepare for mediation.  As such, Plaintiff's interests are perfectly aligned with the interests of the absent Settlement Class Members, thereby meeting the first adequacy prong.

Second, as discussed in greater detail below, Plaintiff's Counsel is qualified, experienced, and competent in complex litigation, and have an established, successful track record in class litigation – specifically including wage and hour actions. Moreover, this Court has already found Plaintiff's counsel satisfies the adequacy prong. There is nothing that should make the Court question the propriety of that prior ruling.

### 2.  The Proposed Settlement Class Should Be Certified Under Rule 23(b)

In addition, Plaintiff must satisfy Rule 23(b)(3)'s two additional requirements: (1) common questions of law or fact must "predominate over any questions affecting only individual members" and (2) "a class action [must be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiff is likely to satisfy these requirements here.

### a)  Predominance is Satisfied

Rule 23(b)(3) requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 594, 623 (1997). The Fourth Circuit has also held that the predominance analysis is "qualitative rather than quantitative," meaning that, even where there is a high number of individual damages issues, predominance may still be found where "the qualitatively overarching issue" is the liability of the defendant pursuant to the alleged conduct. *Stillmock v. Weis Markets, Inc.,* 385 Fed.Appx. 267, 273 (4th Cir. 2010).

Here, predominance is satisfied because the success or failure of Plaintiff's challenge to Defendant's common practice of taking a tip credit without an adequate tip credit notice policy will require the Court to apply common legal principles to common facts.  Courts within this Circuit have found predominance in tip credit notice class actions.  *See, e.g., Mendoza v. Mo's Fisherman Exchange, Inc.,* No. 1:15-CV-01427, 2016 WL 3440007 at *15 (D. Md. June 22, 2016) (finding that wage and hour allegations, including improper tip credit notice, predominated).

### b)  Superiority is Satisfied

Rule 23(b)(3) also requires the Court to determine whether the class action mechanism is superior to resolution of the disputes through other available means. This superiority prong consists of four (4) factors to consider when determining whether a class action is superior to other adjudication: "(A) the interests of the members of the class in individually controlling the prosecution of separate actions; (B) the extent and nature of other pending litigation about the controversy by members of the class; (C) the desirability of concentrating the litigation in a particular forum; and (D) the difficulties likely to be encountered in management of the class action." Fed. R. Civ. Pro. 23(b)(3); see also *Cuthie v. Fleet Reserve Ass'n*, 743 F. Supp. 2d 486, 500 (D.Md. October 18, 2010).

25

Here, each of these factors weighs in favor of the certification of the settlement class. Plaintiff is not aware of any other litigations pending against the Defendant for the same alleged violations in this lawsuit in the State of Maryland. There is no indication that the absent settlement class members would prefer to prosecute this action individually. Indicative of this is that after notice of the lawsuit was issued to a subset of Defendant's Tipped Employees previously, 25 individuals elected to opt-in to this matter rather than initiate their own lawsuit. Concentrating this litigation in this Court is desirable because each of the Settlement Class Members worked for Defendant in the State of Maryland. Lastly, when a certification is for the settlement purposes only, "a district court need not inquire whether the case, if tried, would present intractable management problems." *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997). The superiority requirement is satisfied.

## II.   THE PROPOSED SETTLEMENT NOTICE TO THE CLASS SHOULD BE APPROVED

When a class action lawsuit is settled, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B).  To that end, Rule 23 requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  Such notice can be effectuated through "United States mail, electronic means, or other appropriate means."  *Id.*  Also, any notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed R. Civ. P. 23(c)(2)(B).

26

The Parties' proposed means of class notice meets or exceeds the standards for due process and Rule. Here, the Parties proposed notice plan includes direct mail, email (where available) and website publication. This comprehensive notice plan is intended to fully inform Settlement Class members of the Litigation, the proposed Settlement, and the information they require in order to make informed decisions about their rights, including the date, time and location of the Final Fairness Hearing. Further, the Notice and Claim Forms are individualized and provide Settlement Class Members with an Estimated Settlement Payment as to how much they will receive from this Settlement should the proposed Settlement be approved by the Court.

III.     **LYNCH CARPENTER, LLP and CONNOLLY WELLS & GRAY, LLP SHOULD BE APPOINTED AS CLASS COUNSEL TO THE SETTLEMENT CLASS**

When, as here, a class action lawsuit is settled prior to class certification, the Court "may designate interim counsel to act on behalf of [the] putative class before determining whether to certify the action as a class action." See Fed. R. Civ. P. 23(g)(3). Then, at the final approval stage, these lawyers can seek to be appointed class counsel in conjunction with the certification of the settlement class. See Fed. R. Civ. P. 23(g)(1).

Class Counsel – Connolly Wells & Gray, LLP, and Lynch Carpenter LLP - easily meet the requirements of Rule 23(g). Importantly, Class Counsel are experienced in class action litigation including directly analogous cases. Further, both Lynch Carpenter, LLP and Connolly Wells & Gray, LLP have been appointed class counsel in many class actions, including many wage and hour actions, and successfully tried them to conclusion. *See, e.g.*, Wells Decl. at ¶¶ 62-72.

IV.     **THE PROPOSED ATTORNEYS' FEES ARE REASONABLE**

"In approving either a Rule 23 settlement or a private settlement of FLSA claims, the reasonableness of any award of attorneys' fees must be assessed." *Edelen v. Am. Residential Servs.,*

27

*LLC,* Civil Action No. DKC 11-2744, 2013 WL 3816986 at *11 (D. Md. July 22, 2013). In FLSA actions, courts in this Circuit generally determine the lodestar amount which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In Rule 23 class actions, it is not uncommon to use a percentage method to calculate an award of attorneys' fees in common fund cases. *Singleton*, 976 F. Supp. 2d at 681. Importantly, this Court has previously noted that "Courts that have permitted an FLSA collective action and a Rule 23 class action to proceed in the same case have routinely awarded attorneys' fees based on a percentage of the fund." *Leigh v. Bottling Group, LLC*, 2012 WL 460468 n.4 (D. Md. Feb. 10, 2012). *See also Fire & Police Retiree Health Care Fund, San Antonio v. Smith*, No. 1:18-CV-03670, 2020 WL 6826549, at *4 (D. Md. Nov. 20, 2020); *Savani v. URS Prof'l Sols. LLC*, 121 F.Supp.3d 564, 568 (D.S.C. 2015) ("Within this Circuit, the percentage-of-recovery approach is not only permitted, but is the preferred approach to determine attorney's fees [in class cases].") (citing *Goldenberg v. Marriott PLP Corp.*, 33 F.Supp.2d 434, 438 (D. Md. 1998)).

As noted above, Plaintiff's Counsel will seek an award of attorney's fees in an amount not to exceed one-third of the Settlement Amount. A request for one-third of a settlement fund is common in this circuit and generally considered reasonable. *See Starr v. Credible Behavioral Health, Inc.,* No. 20-2986 PJM, 2021 WL 2141542 at *5 (D. Md. May 26, 2021) (citing *Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, 352 F. Supp. 3d 499, 505-06 (M.D.N.C. 2018). Pursuant to the Settlement Agreement, prior to a final approval hearing, Class Counsel will file a separate motion justifying the appropriateness of this request in greater detail. Importantly, Class Counsel's lodestar exceeds the maximum requested amount. *See* Wells Decl.¶ 89. This demonstrates the propriety of the request. Further, and most importantly, Class Counsel's intent to

seek up to one-third of the Settlement Amount in fees and for reimbursed expenses is plainly documented in the proposed Class Notice.  As such, Class Counsel will be fully prepared to substantiate their fee request at the final approval hearing, after dissemination of notice and Settlement Class Members have had an opportunity to opine on the propriety of counsel's request.

## CONCLUSION

The proposed Settlement is fair, reasonable and adequate. Thus, for all the reasons set forth above, preliminary approval should be, respectfully, granted and the Preliminary Approval Order entered so as to permit the Parties to effectuate notice to the Settlement Class.


Dated: February 25, 2022

Respectfully submitted,

**THE LAW OFFICES OF**
**E. DAVID HOSKINS, LLC**

*/s/ E. David Hoskins*
E. David Hoskins, No. 06705
16 E. Lombard Street, Ste. 40
Baltimore, Maryland 21202
T: (410) 662-6500
F: (410) 662-7800
Email: davidhoskins@hoskinslaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells III (admitted *pro hac vice*)
Robert J. Gray
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
T: 610-822-3700
F: 610-822-3800
Email: gwells@cwglaw.com
        rgray@cwglaw.com

**CARLSON LYNCH LLP**
Gary F. Lynch, No. 29779
Edward W. Ciolko (admitted *pro hac vice*)

29

Matthew D. Brady (admitted *pro hac vice*)
1133 Penn Avenue, 5th Fl.
Pittsburgh, PA 15222
T: (412) 322-9243
F: (412) 231-0246
Email: glynch@carlsonlynch.com
        eciolko@carlsonlynch.com
        mbrady@carlsonlynch.com

***Attorneys for the Plaintiff and
the Proposed Classes***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served

on the following counsel of record on this 25th day of February, 2022:

>Joyce E. Smithey, Esquire
>Levi Zaslow, Esquire
>**SMITHEY LAW GROUP LLC**
>706 Giddings Avenue, Suite 200
>Annapolis, Maryland 21401
>joyce.smithey@smitheylaw.com
>levi.zaslow@smitheylaw.com
>
>***Attorneys for Defendant***

>*/s/ E. David Hoskins*
>E. David Hoskins