UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTOPHER GRAHAM, on behalf of himself and all others similarly situated, | ) ) ) Civil Action No.: 1:19-cv-00486-DKC ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| FAMOUS DAVES OF AMERICA, INC., and DOE DEFENDANTS 1-10, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF REGARDING UNCLAIMED SETTLEMENT AMOUNT

As this Court[1] is aware, final approval of this matter was granted on December 2, 2022. (*See* ECF No. 151). The Settlement called for the distribution to a *cy pres* recipient should there be any residual funds remaining. (*See* Settlement Agreement at §4.12). However, the undersigned Class Counsel believes that certain facts warrant a minor deviation from this settlement and thus warrant this Court's attention. Specifically, the Claims Administrator has advised Class Counsel that there is over $60,000 in unclaimed funds resulting from uncashed Settlement Checks. Rather than provide all of this to the *cy pres* recipient, Class Counsel believes the better course of action is a second round of distribution to those members of the Settlement Class who cashed their Settlement Checks prior to any *Cy Pres* Distribution.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Settlement Agreement, which was previously provided to the Court. (*See* ECF No. 143-1).

1

Class Counsel has conferred with counsel for the Defendant who has indicated that Defendant takes no position on these requests.

The propriety of Class Counsel's request that the Court order certain payments and distributions with respect to unclaimed settlement funds in this case is set forth below.

## BACKGROUND

The Court previously granted final approval of the Settlement Agreement between the Parties which, among other things, provided for the payment of the Settlement Amount ($995,000.00). (*See* ECF No. 143-1, at §2.49). The Court also approved Class Counsel's unopposed request for an attorney's fee award of $331,666.67, representing one-third of the amount of the Settlement Amount. *Id*. That fee award was detailed in the Class Notice provided to all members of the Settlement Class. Pursuant to the terms of the Settlement Agreement, any funds that remained unclaimed after the 180-day window in which Settlement Class members had to cash their checks would be subject to a *Cy Pres* Distribution. Such funds would be distributed to a *cy pres* recipient to be determined by the Court. In approving the Settlement Agreement, the Court determined that Maryland Legal Services Corporation -- the entity agreed upon by the Parties and set forth in the Settlement Agreement -- was an appropriate *cy pres* recipient. The deadline for members of the Settlement Class to cash their Settlement Checks has now well-expired. The Claims Administrator has advised Class Counsel that there is a total of $61,605.89 in unclaimed funds.

Because the amount of unclaimed settlement funds is substantial, and for the reasons detailed below, Class Counsel believes that a second pro rata distribution to all Settlement Class members who cashed their initial Settlement Checks is appropriate and in keeping with the

fiduciary duty to maximize recovery for the Settlement Class. Further, the Court itself retains "a continuing duty to act as a fiduciary to the members of the class . . ." *Goldenberg v. Marriott PLP Corp.*, 33 F. Supp. 2d 434, 440 (D. Md. 1998). To that end, Class Counsel requests that: (i) the Court order an amount of $36,000.60 be distributed *pro rata* to the Settlement Class members who cashed their Settlement Checks (and thus, did not create any residual funds); (ii) the Court authorize the Administrator to deduct from the unclaimed Settlement Amount $5,070.00 to cover the cost of sending the proposed second distribution and cover addition costs that were unaccounted for in the initial distribution; and (iii) award $20,535.29 to Class Counsel as a supplemental award of attorney's fees.

The Claims Administrator has advised Class Counsel that there are 504 individuals who cashed their Settlement Checks and thus would be available to receive a secondary distribution under Class Counsel's proposal. The checks from this second distribution would be reportable on a Form 1099, which would be included with the distribution. As noted above, the Claims Administrator has further advised that it will cost approximately $5,070 to perform this distribution. Thus, if the Court were to grant Class Counsel's supplemental fee request and the Claims Administrator's fees and expenses, this would leave $36,000.60 for redistribution to the 504 Settlement Class members who previously cashed their Settlement Checks.

**ARGUMENT**

As this Court noted, a *cy pres* "distribution is designed to put the funds 'to their next best compensation use, *e.g.*, for the aggregate, indirect, prospective benefit of the class.'" *Curry v. Money One Fed. Credit Union*, No. DKC 19-3467, 2021 U.S. Dist. LEXIS 235884, *8 (D. Md. Dec. 9, 2021) (quoting *Klier v. Elf Atochem*, 658 F.3d 468, 474 (5th Cir. 2011). "When the

proceeds of a damage award, settlement fund, or penalty **cannot be returned directly to individual class members**, it is appropriate for the court to distribute the funds to interested third-parties who will advance and promote the interests of the class." *McDaniels v. Westlake Servs., LLC*, No. 11-1837, 2014 U.S. Dist. LEXIS 16081, *30 (D. Md. Feb. 7, 2014) (emphasis added).

Consequently, courts recognize "the law's general preference for *cy pres* awards to be limited to scenarios where it is not feasible to make further distributions to class members." *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 333 (N.D. Cal. Aug. 15, 2018) (citing *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011)); *see also In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 173 (3d Cir. 2013) (noting that "*cy pres* distributions are most appropriate where further individual distributions are economically infeasible"); Principles of the Law of Aggregate Litig. § 3.07(c) (Am. Law Inst. 2010) ("If the court finds that individual distributions are not viable . . . the settlement may utilize a cy pres approach."). Indeed, as one Circuit Court noted, "[w]here it is still logistically feasible and economically viable to make additional pro rata distributions to class members, the district court should do so, except where an additional distribution would provide a windfall to class members . . ." *Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011); *see also In re Sanctuary Belize Litig. v. Ameridebt, Inc.,* No. 18-cv-3309, 2020 U.S. Dist. LEXIS 213919 (D. Md. Nov. 4, 2020) (denying motion for *cy pres* distribution and instead ordering second round of distribution to class members).

Here, under the terms of the negotiated Settlement, Settlement Class members received less than 100% of all of their alleged unpaid wages. Thus, a second *pro rata* distribution to the Settlement Class would not result in a windfall to anyone. Additionally, limiting any second pro

rata distribution to only those members of the Settlement Class who cashed their initial Settlement Checks is perfectly feasible and, more importantly, has a high likelihood of successfully reaching those Settlement Class members, given their prior participation. More importantly, it will avoid sending checks to individuals who did not cash their prior Settlement Checks and thus created this high amount of unclaimed funds in the first instance.

Additionally, having the funds distributed pro rata ensures the least amount is spent on claims administration and, consequently, maximizes the amount a Settlement Class member will receive. *See generally, Keepseagle v. Vilsack,* 118 F. Supp. 3d 98, 117 (D.D.C. 2015) (noting that "as a general matter, 'a court's goal in distributing class action damages is to get as much of the money to the class members in as simple a manner as possible'") (*quoting* Herbert Newberg et al., Newberg on Class Actions, § 12.28 (5th ed. 2015)). Class Counsel's recommendation that this additional pro rata distribution be limited to those Settlement Class members who cashed their initial Settlement Checks, will further ensure that as few funds as possible are expended on claims administration.[2]

In addition to the supplementary pro rata distribution to Settlement Class members, Class Counsel respectfully requests that the Court award it one-third of the unclaimed Settlement Amount as supplemental attorney's fees. The Court previously awarded one-third of the Settlement Amount to Class Counsel as a fee award, and the Settlement Class was informed of that percentage amount in the Class Notice. Importantly, Class Counsel's ultimate one-third fee

---

[2] Of course, if this Honorable Court determines that a distribution to all Settlement Class members is more appropriate, Class Counsel respectfully requests that the Court issue an order permitting the Claims Administrator to deduct all their costs for such an expanded proposed distribution, as well as their past unreimbursed costs.

award of $331,666.67 represented a fractional (or negative) multiplier. Indeed, Class Counsel received almost $140,000.00 less than Class Counsel's actual $470,722.00 lodestar at the time Plaintiff's motion for final approval was filed. Thus, Class Counsel is not seeking a windfall, or, indeed, even an amount approaching their actual lodestar in this case, as one-third of the remaining settlement funds would still not result in a positive multiplier. Rather, if approved, the total fee award would increase to 35.4% of the total initial Settlement Amount. This increase is plainly justified by the additional time and resources Class Counsel has expended regarding the administration of the Settlement, including corresponding with members of the Settlement Class, counsel for Defendant, and the Claims Administrator, which will otherwise go unremunerated. *See Cassese v. Wash. Mut., Inc.*, 27 F. Supp. 3d 335, 339 (E.D.N.Y. 2014) ("courts maintain discretion to award supplemental fees to counsel for work performed in relation to the litigation or settlement following counsel's initial fee application.").

In *Goldenberg*, a sister court awarded a supplemental fee award in the same percentage as the initial fee award. *Goldenberg*, 33 F. Supp. 2d at 442. Importantly, in that case, the court determined that the class need not be notified of the supplemental fee request because the "cost of notifying the class" along with the "further attorney time needed to prepare and respond to such notice" would render supplemental notice unproductive, and that, "[o]n balance, it seems preferable to bring closure to these proceedings . . ." *Id*. Those same reasons support Class Counsel's request for a supplemental award of attorney's fees in the instant matter. This matter should be brought to a close while, at the same time, expending every effort to maximize the recovery for those participating members of the Settlement Class. Moreover, additional notice should not be required as no Settlement Class member's expected recovery as described in the

initial notice is being reduced as a result of the supplemental distribution or supplemental fee request. Rather, the Settlement Class members who did not cash their checks had notice that doing so would result in their payments being redistributed to the *cy pres*; and the Settlement Class members receiving the second distribution are receiving the extra payment because of Class Counsel's effort in organizing the second distribution, which the Settlement Class members would not have otherwise received. This additional work should not go uncompensated. *Goldenberg*, 33 F. Supp. 2d at 442.

Finally, should any funds remain after a secondary pro rata distribution, those funds should be subject to a *Cy Pres* Distribution in accordance with the terms of the Settlement Agreement. *See, e.g., Camberis v. Ocwen Loan Servicing LLC*, No. 14-cv-02970, 2018 U.S. Dist. LEXIS 198108, *9 (N.D. Cal. Nov. 20, 2018) ("In the event that unclaimed funds still remain after the costs of the secondary distribution are paid, donation to a *cy pres* recipient is appropriate.").

## **CONCLUSION**

For each of the reasons set forth above, the Court should issue an order that (i) awards Class Counsel a supplemental fee award in the amount of one-third of the remaining unclaimed Settlement Amount, (ii) allows the Claims Administrator to deduct the their fees and costs for this proposed supplemental pro rata distribution (as well as past unremunerated costs), and (iii) requires a supplemental pro rata distribution to members of the Settlement Class who previously cashed their Settlement Checks. Any uncashed checks resulting from this supplemental distribution should then be awarded pursuant to the *Cy Pres* Distribution set forth in the Settlement Agreement.

Dated: June 10, 2024

          Respectfully Submitted,

          <u>/s/ E. David Hoskins</u>
          E. David Hoskins, No. 06705
          **THE LAW OFFICES OF E. DAVID HOSKINS, LLC**
          16 E. Lombard St.
          Suite 400
          Baltimore, MD 21202
          Tel: (410) 662-6500
          davidhoskins@hoskinslaw.com

          Gerald D. Wells III
          Robert J. Gray
          **CONNOLLY WELLS & GRAY, LLP**
          101 Lindenwood Drive, Suite 225
          Malvern, PA 19355
          Tel:   (610) 822-3700
          Fax:   (610) 822-3800
          gwells@cwglaw.com
          rgray@cwglaw.com

          **LYNCH CARPENTER, LLP**
          Gary F. Lynch
          1133 Penn Avenue, 5th Floor
          Pittsburgh, PA 15232
          Tel:   (412) 253-6401
          Fax:   (412) 231-0246
          gary@lcllp.com

          ***Counsel for Plaintiff and the Settlement Class***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically by ECF on counsel of record for all parties on this 10th day of June, 2024.

        E. David Hoskins, No. 06705
        **THE LAW OFFICES OF E. DAVID HOSKINS, LLC**
        16 E. Lombard St.
        Suite 400
        Baltimore, MD 21202

        */s/ E. David Hoskins*