**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CHRISTOPHER GRAHAM, on behalf of himself and all others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FAMOUS DAVES OF AMERICA, INC., and DOE DEFENDANTS 1-10, | ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No.: 1:19-cv-00486-DKC

**PLAINTIFF'S SUPPLEMENTAL SUBMISSION REGARDING MOTION FOR RELIEF**
**REGARDING UNCLAIMED SETTLEMENT AMOUNT**

Plaintiff Christopher Graham ("Plaintiff")[1], by and through his undersigned counsel, hereby respectfully submits this supplemental submission, as required by the Court's Order of June 10, 2024 (ECF No. 153), addressing "the work performed and additional justification for any additional attorneys' fee award." *Id.*

At the outset, Class Counsel would like to address the Court's inquiry as to why the "actual work performed" regarding the motion *sub judice* "was not subsumed in the fee of one-third of the settlement fund already awarded." The reason for this is plain – Class Counsel simply did not anticipate such a large portion of the Settlement Amount being subject to the *Cy Pres* Distribution. *See* Declaration of Gerald D. Wells, III In Support of Supplemental Submission ("Wells Decl."), filed contemporaneously herewith, at ¶7. Indeed, had there been

---

[1] All capitalized terms not defined herein shall have the same meaning as set forth in the Settlement Agreement previously provided to the Court.

1

only a few thousand dollars subject to the *Cy Pres* Distribution, Class Counsel would have let the mechanics of the Settlement Agreement govern and had that amount transferred to the *Cy Pres* Recipient. However, upon learning of the large amount of the unclaimed Settlement Amount, resulting from Settlement Class members not cashing their Settlement Checks, Class Counsel began to research to determine if a secondary distribution was possible. *See* Wells Decl., at ¶14. This is because Class Counsel believes it is their fiduciary obligation to act in the best interests of the Settlement Class – even after the Settlement has become Final. *Id.,* at ¶15.

In conducting said research, Class Counsel found the seminal case from within this District styled *Goldenberg v. Marriott PLP Corp.,* 33 F. Supp. 2d 434 (D. Md. 1998). In that action, the court permitted a secondary distribution without notice to the class because the court determined that such a distribution was in the best interests of the class. *Id.,* at 442. Further, the *Goldenberg* court addressed the issue of why the supplemental fee request was not subsumed in the original fee award. *Id.,* at 441. The *Goldenberg* court noted that "the failure to notify the class of a possible request for future fees was arguably a simple oversight" and that "the cost of notifying the class" as well as the cost of "further attorney time needed to prepare and respond to such notice" was simply outweighed by the need "to bring closure to the[] proceedings" and the desire to maximize the recovery for the class. *Id.,* at 442. Respectfully, that is precisely the issue at hand. *See* Wells Decl., at ¶16.

Class Counsel had no indication there would be such a significant amount of the Settlement Amount left unclaimed. *See* Wells Decl., at ¶9. Further, as noted above, Class Counsel believed it was their fiduciary obligation to seek a secondary distribution so as to further the benefit to the Settlement Class. *See* Wells Decl., at ¶15. Class Counsel nonetheless believes these

additional efforts should not go un-remitted. Accordingly, and in conformity with the holding of *Goldberg*, Class Counsel is seeking only the same fee award as was approved by this Honorable Court in granting final approval of the Settlement. Nothing more.

It is well-settled that "courts maintain discretion to 'award supplemental fees to counsel for work performed in relation to the litigation or settlement following counsel's initial fee application.'" *Cassese v. Wash. Mut., Inc.*, 27 F. Supp. 3d 335, 339 (E.D.N.Y. 2014) (quoting *Fears v. Wilhelmina Model Agency, Inc.*, No. 02 CIV 4911, 2007 U.S. Dist. LEXIS 48151, *21 (S.D.N.Y. July 5, 2007), *vacated on other grounds*, 315 F. App'x 333 (2d Cir. 2009)); *see also Allen v. Dairy Farmers of Am., Inc.*, No. 09-cv-230, 2018 U.S. Dist. LEXIS 250177, **14-15 (D. Vt. Dec. 18, 2018) ("Supplemental fees and expenses may be awarded post-settlement if class counsel perform additional work that benefits the class"). "A new class notice is not required to be sent, as it is only necessary when class members' rights would be materially and negatively affected compared to the rights they had under the original notice." *Spark v. MBNA Corp.*, 289 F. Supp. 2d 510, 515 n.9 (D. Del. 2003) (citing *In re Bank America Corp. Sec. Litig.*, 227 F. Supp. 2d 1103, 1107 (E.D. Mo. 2002).

Here, Settlement Class members are not being negatively affected by the request *sub judice*. Rather, Settlement Class members are benefiting from this request insofar as those that cashed their Settlement Checks are in line to receive a second distribution should the Court approve this motion. Indeed, should the Court approve the proposed redistribution plan, the Claims Administrator estimates that (excluding those individuals receiving the de minimus amount), eligible Settlement Class members would receive an additional 10% of their original gross settlement payment. *See* Wells Decl., at ¶20. This benefit Settlement Class members would

receive is the sole result of the work of Class Counsel – work that deserves remuneration. As noted above, Class Counsel are seeking the same percentage of fees as awarded initially. This is in line with the *Goldberg* court's holding. *See Goldenberg,* 33 F. Supp. 2d at 442 (awarding 11.3% of remaining fund, which was same percentage awarded as fees initially).

As set forth in the accompanying Wells Declaration, Class Counsel expended numerous hours in seeking this supplemental distribution, totaling more than 22 hours in attorney time. *See* Wells Decl., at ¶¶24-25. This time included time overseeing the work of the Claims Administrator, including ensuring that individuals who sought to cash their Settlement Checks after the deadline to do so had passed were nonetheless given an opportunity to do so. *See* Wells Decl., at ¶26. It also included time expended on research regarding the possibility of a supplemental distribution after the Claims Administrator had advised Class Counsel of the relatively large amount of the Settlement Amount remaining after the deadline to cash Settlement Checks had expired. *See* Wells Decl., at ¶27. Further, it included contacting counsel for Defendant to determine whether Defendant had any issue with a supplemental distribution. *See* Wells Decl., at ¶29. As noted in Plaintiff's opening submission, Defendant indicated it took no position on such a distribution. In sum, Class Counsel expended some 22.38 hours working on this possible supplemental distribution. Such time should be compensated as the median amount an eligible Settlement Class member would receive pursuant to this supplemental distribution is over $52 in additional proceeds from this Settlement. *See* Wells Decl., at ¶21. Absent the efforts of Class Counsel, that amount would have been zero as all the funds would have been provided to the *Cy Pres* recipient. *See* Settlement Agreement, at ¶23. Plainly, the work of Class Counsel deserves remuneration.

Importantly, if the Court grants the supplemental fee request set forth in this motion *in toto,* Class Counsel will still receive less than their actual lodestar regardless of whether such lodestar was calculated at Class Counsel's regular hourly rate versus the reduced rates pursuant to the Local Rules. *See* Wells Decl., at ¶42. Courts in this District have approved hourly rates well-above those of Class Counsel. For example, in *Kelly*, a sister court in this District awarded hourly rates ranging from $490 per hour to $1,060 per hour, and specifically noted that the firm's rates were approved by other courts across the country. *Kelly v. Johns Hopkins Univ.*, No. 1:16-cv-2835, 2020 U.S. Dist. LEXIS 14772, **18-19 (D. Md. Jan. 28, 2020).[2] Moreover, as noted in Plaintiff's initial submission, and further detailed in the Wells Declaration, there is no actual lodestar multiplier – as Class Counsel's total lodestar (when calculated at the reduced rate pursuant to the Local Rules) still results in a negative lodestar of 0.97, which is well-below lodestar multipliers typically approved in this District. *Cf. Yost v. Elon Prop. Mgmt. Company-Lexford Pools 1/3, LLC,* No. ELH-21-1520, 2023 U.S. Dist. LEXIS 7035, *25 (D. Md. Jan. 13, 2023) (noting that a lodestar multiplier of 2.3 "is at the low end of multipliers used in the cross-check analysis"). Of course, had Class Counsel utilized their regular hourly rates for the entirety of this matter, including those hours devoted to the instant motion, it would have resulted in an even lower negative lodestar multiplier. *Id*. Chief Judge Bredar found that "a negative multiplier" indicated the reasonableness of a fee request irrespective of whether the national market rates or the Local Rules' guidelines were used in performing a lodestar cross-check. *Feinberg v. T. Rowe*

---

[2] As another court noted, an attorney's "wealth of experience in litigating class actions under federal" law justified his "hourly wage" being "above the applicable range" set forth in the Local Rules' guidelines. *Whitaker v. Navy Fed. Credit Union*, No. RDB 09-cv-2288, 2010 U.S. Dist. LEXIS 106094, *16 (D. Md. Oct. 4, 2010).

*Price Grp., Inc.*, 610 F. Supp. 3d 758, 772-73 (D. Md. 2022). This renders Class Counsel's supplemental fee request eminently reasonable. *Cf. Keepseagle v. Perdue,* 334 F. Supp. 3d 58, 63 (D. D.C. 2018) (denying motion for supplemental award of attorneys' fees, finding additional fees would be unreasonable as initial fee award had a lodestar multiplier of 2.3).

Accordingly, Class Counsel believes there is ample justification for the Court to award Class Counsel attorneys' fees from the remaining, unclaimed Settlement Amount. This is especially true considering (i) the total time expended by Class Counsel in attempting to further payments to Settlement Class members who previously cashed their Settlement Checks, (ii) Class Counsel's hourly rate being at or below hourly rates approved by sister courts in this District, and (iii) that even if the Court grants Class Counsel's full request, this will still put Class Counsel below their full lodestar expended in prosecuting this Action.

**CONCLUSION**

For each of the reasons set forth above, as well as those set forth in Plaintiff's opening submission, Plaintiff respectfully requests that this Honorable Court issue an order that (i) awards Class Counsel a supplemental fee award in the amount of one-third of the remaining unclaimed Settlement Amount, (ii) allows  the Claims Administrator to deduct the their fees and costs for this proposed supplemental pro rata distribution (as well as past unremunerated costs), and (iii) requires a supplemental pro rata distribution to members of the Settlement Class who previously cashed their Settlement Checks, with a de minimus payment of $5.00.[3]

---

[3] Of course, as set forth in Plaintiff's opening submission, any uncashed checks resulting from this supplemental distribution should then be awarded pursuant to the *Cy Pres* Distribution set forth in the Settlement Agreement.

Dated: July 1, 2024

Respectfully Submitted,


*/s/ E. David Hoskins*
E. David Hoskins, No. 06705
**THE LAW OFFICES OF**
**E. DAVID HOSKINS, LLC**
16 E. Lombard St.
Suite 400
Baltimore, MD 21202
Tel: (410) 662-6500
davidhoskins@hoskinslaw.com

Gerald D. Wells III
Robert J. Gray
**CONNOLLY WELLS & GRAY, LLP**
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Tel:  (610) 822-3700
Fax:  (610) 822-3800
gwells@cwglaw.com
rgray@cwglaw.com

Gary F. Lynch
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15232
Tel:  (412) 253-6401
Fax:  (412) 231-0246
gary@lcllp.com

***Counsel for Plaintiff and the Settlement Class***

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was

served on all counsel of record via CM/ECF on this 1st day of July, 2024.

*/s/ E. David Hoskins*
E. David Hoskins, No. 06705